William Ray WATSON, Appellant,

v.

STATE of Iowa, Appellee.

No. 63533.

Supreme Court of Iowa.

July 16, 1980.

Richard B. Clogg, of Elgin, Hoyman & Clogg, Indianola, for appellant.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen., and John W. Criswell, Warren County Atty., for appellee.

Considered by REYNOLDSON, C. J., and REES, UHLENHOPP, ALLBEE and McGIVERIN, JJ.

ALLBEE, Justice.

William Ray Watson appeals from an order summarily dismissing his application for postconviction relief. He complains that his application was improvidently dismissed, and we agree.

On January 29, 1975, Watson was convicted of assault with intent to commit rape, a violation of section 698.4, The Code 1973. He was sentenced to a term of twenty years imprisonment. The conviction was affirmed on appeal. *State v. Watson*, 242 N.W.2d 702 (Iowa 1976).

The following postconviction events underlie this appeal. On December 5, 1978, Watson filed his application for postconviction relief under chapter 663A, The Code 1977. In its answer the State denied that Watson was entitled to relief and further "pray[ed] for an Order dismissing [the] action." Several weeks later, trial court filed notice of its intention to dismiss the application and recited its reasons in the notice. Watson filed a reply to trial court's notice. In his reply, Watson alleged the existence of issues of material fact which required a hearing; he also asked that either the application be permitted to proceed to trial or that he be allowed ten days within which to amend his application. Four days later trial court made the following calendar entry: "The Defendant's *Motion to Dismiss* is sustained for the grounds mentioned in the Notice of Intent to Dismiss dated 3–26–79."

(Emphasis added.) Watson's subsequent motion to reconsider the order of dismissal was simply "overruled," and this appeal followed.

I. Initially we must determine which of the two statutory methods for summary disposition of postconviction relief applications provided in section 663A.6 was employed here. Those two methods have been delineated in several prior decisions of this court. *E. g., Hines v. State*, 288 N.W.2d 344, 346 (Iowa 1980); *Hauser v. State*, 244 N.W.2d 807, 809 (Iowa 1976); *State v. Mulqueen*, 188 N.W.2d 360, 366 (Iowa 1971). Recently those methods were succinctly summarized in *Hines*, 288 N.W.2d at 346, thus we need not repeat here a description of each.

We conclude that trial court used the first method of summary disposition, *see* § 663A.6 (second paragraph), as evidenced by its initiative in giving notice of its intention to dismiss Watson's application. Although in its order dismissing the application trial court said that it was sustaining the State's motion to dismiss, no such motion had been filed. *See* § 663A.6 (third paragraph). While, as before noted, the State's answer had prayed that the action be dismissed, that answer was a pleading, *see* Iowa R.Civ.P. 68, and those words in the answer asking dismissal of the action did not make it a motion, *see* Iowa R.Civ.P. 109. *See also* § 663A.7, The Code (making rules of civil procedure applicable).

■ II. Summary disposition by the first statutory method is not proper if a material issue of fact exists. § 663A.6 (second paragraph, final sentence). Thus we must determine by examining the pleadings and record before us whether any material issue of fact exists that militated the reception of evidence by trial court, as provided in section 663A.7.

■ While Watson's application for postconviction relief alleges several grounds for relief, we discern two grounds upon which the opportunity for an evidentiary hearing should have been given. First, Watson alleged that he was denied effec-

tive assistance of counsel because of his trial attorney's failure to make sufficient pretrial discovery. Manifestly, Watson bears the burden of proving this allegation by a preponderance of evidence. *Hinkle v. State*, 290 N.W.2d 28, 30 (Iowa 1980). The oft-repeated test for judging the effective assistance of counsel is whether under all the circumstances counsel's performance was within the range of normal competency. *Id.* Under section 663A.8, Watson also has the burden to show a sufficient reason for not asserting this claim in his original appeal. *Armento v. Baughman*, 290 N.W.2d 11, 13 (Iowa 1980). (We note, however, that Watson's trial attorney handled that appeal.)

When counsel's performance is put in issue, as it is here, an evidentiary hearing on the merits of the complaint will ordinarily be required. *State v. Smith*, 282 N.W.2d 138, 143 (Iowa 1979). Such a hearing affords the parties an opportunity to adversarily develop all of the relevant circumstances attending counsel's performance, including those circumstances and considerations which may be pertinent but are not a part of the criminal trial record. *State v. Steltzer*, 288 N.W.2d 557, 560 (Iowa 1980). This is why, since *State v. Kellogg*, 263 N.W.2d 539, 543–44 (Iowa 1978), in direct appeals from criminal convictions we have frequently reserved for postconviction proceedings the issue of ineffective assistance of trial counsel. *E. g., State v. Steltzer*, 288 N.W.2d at 560–61; *State v. Williams*, 285 N.W.2d 248, 271 (Iowa 1979), *cert. denied,* —— U.S. ——, 100 S.Ct. 1859, 64 L.Ed.2d 277 (1980); *State v. Smith*, 282 N.W.2d at 143–44; *State v. O'Connell*, 275 N.W.2d 197, 205–06 (Iowa 1979); *State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978).

The second ground for which the opportunity to submit evidence should have been given relates to Watson's allegation that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interests of justice. *See* § 663A.2(4). In this connection, he alleged that certain testimony given in the subsequent trial of his confederate would support this ground for relief.

Under the allegations, viewed in the light favorable to Watson, *see State v. Boge*, 252 N.W.2d 411, 414 (Iowa 1977), we do not believe that it can be found that this ground is insufficient to warrant relief because the pertinent allegations are neither clearly disproved by the record of the original proceedings, nor do they fail to justify relief as a matter of law. Watson's assertion, even if deemed improbable by trial court, requires that Watson be allowed to present to the court whatever proof he may have to support the claim. His plea to trial court for the chance to present evidence, or in the alternative to amend his application as permitted by section 663A.6 (second paragraph), went unheeded. Whether Watson can prove this ground by establishing the requisite elements set down in *State v. Sims*, 239 N.W.2d 550, 554–55 (Iowa 1976), we do not know, nor is that relevant at this juncture. We are only saying that the opportunity to present proof ought to have been given in this case.

Because material issues of fact exist which prohibit summary disposition in this instance, this cause must be reversed and remanded for resolution on its merits.

REVERSED.