**George Edward WASHINGTON, Appellant,**

v.

**David SCURR, Warden of the Iowa Penitentiary at Fort Madison; State of Iowa; and County of Linn, Appellees.**

**No. 64890.**

Supreme Court of Iowa.

April 15, 1981.

Gerald J. Kucera of Keyes, Bennett & Kucera, Cedar Rapids, for appellant.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen., and Harold Denton and Jane Spande, Asst. Linn County Attys., for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, HARRIS, McGIVERIN and LARSON, JJ.

McGIVERIN, Justice.

George Edward Washington appeals from the district court's dismissal of his application for postconviction relief under Chapter 663A, The Code 1979. He claims he was denied effective assistance of counsel, due process, and the privilege against self-incrimination in the trial resulting in his 1976 conviction for burglary in violation of sections 708.1, .3, The Code 1975. We affirm.

The jury convicted Washington of burglary and the court sentenced him to not more than twenty years in prison. The facts surrounding the offense are stated in our opinion affirming the conviction on direct appeal. *State v. Washington*, 257 N.W.2d 890 (Iowa 1977), *cert. denied*, 435 U.S. 1008, 98 S.Ct. 1881, 56 L.Ed.2d 390 (1978).

On June 11, 1979, Washington filed the present application for postconviction relief under Chapter 663A, The Code 1979. The claims for postconviction relief arise from the State's use, for impeachment at trial, of oral statements Washington made to police detectives about his involvement in the burglary.

Prior to his trial on the burglary charge, Washington filed a written motion to suppress evidence of his confession to the detectives. He claimed that the "alleged statements were made in violation of the Defendant's rights under the 4th, 5th, 6th and 14th Amendments to the Constitution of the United States, under Article I, section [9] of the Constitution of the State of Iowa."

A suppression hearing was held which resulted in the trial court's ruling that "any statements made by the defendant to [the police] during an in-custodial interrogation will not be admissible at the trial." Because of this ruling, the prosecution did not introduce evidence of Washington's admissions in its case in chief.

Washington testified in his defense at trial about his activities on the night in question, which did not include participation in the burglary. Then the prosecutor asked Washington on cross-examination whether he admitted to police that he committed the burglary. Washington's lawyer objected to this attempt to impeach Washington by his prior inconsistent statements to police, claiming that any statements made by Washington had been ruled inadmissible at trial. The trial judge, who also had made the suppression ruling, exercised his authority to interpret his ruling. *See Thiele v. Whittenbaugh*, 291 N.W.2d 324, 329 (Iowa 1980). The court stated in substance that the ruling suppressing the evidence only applied to the State's use of the confession on direct examination in its case in chief. Washington's objection to use of the confession to impeach was overruled and on cross-examination he denied admitting to police that he was involved in the burglary. On rebuttal, one of the detectives testified that Washington admitted committing the burglary.

█ The trial court's ruling suppressing Washington's oral statements was based on the court's conclusion that the State had failed to carry its burden of proving that Washington had waived his *Miranda* rights. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *Washington*, 257 N.W.2d at 894. The State's failure to prove a waiver of *Miranda* rights resulted in the inadmissibility of the statements in the State's case in chief. However, there had been no challenge to the voluntariness in fact of the statements. Therefore, they could be used on cross-examination or on rebuttal to impeach Washington's denial on cross-examination that he admitted committing the crime. *United States v. Havens*, 446 U.S. 620, 100 S.Ct. 1912, 64 L.Ed.2d 559 (1980); *Oregon v. Hass*, 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975); *Harris v. New York*, 401 U.S. 222, 225, 91 S.Ct. 643, 645, 28 L.Ed.2d 1, 4 (1971); *State v. Donelson*, 302 N.W.2d 125, 131–34 (Iowa 1981); *Washington*, 257 N.W.2d at 894–95. We held in Washington's direct appeal that he had failed to properly object to use of the confession to impeach on the grounds that it was involuntary in fact as opposed to being made without a waiver of *Miranda* rights. We therefore declined to rule on whether the statements were, in fact, involuntary and should have been excluded for any purpose.

Washington applied for postconviction relief claiming that his constitutional rights were violated by the use of his statements to police to impeach him at trial. His application claimed that he was denied due process, Iowa Const. art. I § 9; U.S.Const. amends. V, XIV, adequate assistance of counsel, Iowa Const. art. I § 10; U.S.Const. amend VI, and the privilege against self-incrimination, Iowa Const. art. I §§ 9, 10; U.S.Const. amend. V.

Resolution of the following issues disposes of this appeal:

1. Does Washington have sufficient reason for failing to properly object to the use of the confession because it was involuntary in fact so that this court can consider the merits of an issue that was not preserved on direct appeal?

2. Does Washington have sufficient reason for failing to claim ineffective assistance of trial counsel on direct appeal so that this claim may be heard on postconviction relief?

I. *Relitigation of issues not properly preserved at trial.* In his direct appeal from the conviction, Washington claimed that the trial court had improperly allowed the use of a confession to impeach him that was involuntary in fact. We did not reach the merits of that claim because it was not properly preserved at trial. *Washington,* 257 N.W.2d at 895–96.

In his application for postconviction relief, Washington seeks to have us reach the merits of the voluntariness issue that we decided was not preserved for our review in his direct appeal. We decline to do so.

■ Postconviction relief is not a means for relitigating claims that were or should have been properly presented at trial or on direct appeal. § 663A.2. Any claim not properly raised at trial or on direct appeal may not be litigated in postconviction unless there is sufficient reason for not properly raising it previously. *Horn v. Haugh,* 209 N.W.2d 119, 120 (Iowa 1973); § 663A.8.[1]

■ Washington, faced with this court's holding on direct appeal that he failed to properly preserve error, seeks to circumvent that ruling by saying that he had sufficient reason for failing to properly raise the voluntariness in fact of the confession. Specifically, he claims that he had reason to believe that the voluntariness claim was raised and decided in his favor. *See Washington,* 257 N.W.2d at 896 (McCormick, J., dissenting).

No new evidence was taken in this postconviction action. The only evidentiary record made at the postconviction trial consisted of the transcripts from the burglary case. We do not have the benefit of any testimony from Washington's trial counsel on whether he was attempting to raise the issue of the voluntariness of the statements. We also do not have any evidence on whether trial counsel thought he had properly raised the voluntariness issue and had it decided in his favor, or whether he knew the ruling suppressing the confession was based on *Miranda* but had Washington testify even though the confession could be used to impeach him.

Assuming that trial counsel was attempting to raise the voluntariness issue in the motion to suppress, we do not find sufficient reason for failing to properly raise it so that we may consider it in postconviction. The motion to suppress did not specifically raise the voluntariness issue. The evidence at the suppression hearing related primarily to whether defendant was accorded his *Miranda* rights. While the trial court's ruling broadly stated that the confession was inadmissible at trial, it is clear that the trial court's conclusion was based solely on the State's failure to prove a waiver of *Miranda* rights. *Washington,* 257 N.W.2d at 894. Even if, after this, the trial attorney thought he had properly raised the voluntariness issue and had it decided in his favor, there is no indication that the attor-

---

1. Section 663A.8 provides in relevant part:

    Any ground ... not raised ... in the proceeding that resulted in the conviction or sentence ... may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted ....

ney tried to alert the trial court to that fact when the trial court allowed the confession to impeach Washington. Under these circumstances, we do not find sufficient reason for failing to properly raise the voluntariness issue at trial.

A postconviction proceeding is not an avenue for litigating issues that were not properly preserved for our review on direct appeal. *See Carstens v. Rans*, 210 N.W.2d 663 (Iowa 1973). Granted, failure to preserve error may be so egregious that it denies a defendant the constitutional right to effective assistance of counsel. *See State v. Steltzer*, 288 N.W.2d 557, 560 (Iowa 1980). Washington does not present such a claim. We will not ordinarily allow a defendant to claim in postconviction proceedings that the trial court erred on issues that were not properly presented for our review on direct appeal.

II. *Ineffective Assistance of Counsel.* Washington claims that the trial court's broad suppression ruling led his attorney to believe that the confession was inadmissible for any purpose at trial. The trial attorney therefore advised Washington to testify, only to learn later that the confession would be admissible to impeach him. Washington claims that under these circumstances, he was denied effective assistance of counsel. There is no claim now that trial counsel was ineffective because he failed to properly preserve the issue of the voluntariness in fact of the confession for this court on direct appeal.

We decline to reach the merits of whether the events at trial denied Washington effective assistance of counsel. The ineffective assistance of trial counsel claim is being raised for the first time in this postconviction proceeding. Unless Washington has a sufficient reason for failing to raise this claim on his direct appeal, we will not consider it here. *Sims v. State*, 295 N.W.2d 420, 422 (Iowa 1980); *Watson v. State*, 294 N.W.2d 555, 556 (Iowa 1980); *Bledsoe v. State*, 257 N.W.2d 32, 34 (Iowa 1977); *Rinehart v. State*, 234 N.W.2d 649, 658 (Iowa 1975); § 663A.8. When an ineffective assistance of trial counsel claim is

raised on direct appeal, we often reserve the issue for postconviction proceedings. *E. g., Steltzer*, 288 N.W.2d at 560–61; *State v. Williams*, 285 N.W.2d 248, 271 (Iowa 1979), *cert. denied*, 446 U.S. 921, 100 S.Ct. 1859, 64 L.Ed.2d 277 (1980); *State v. Smith*, 282 N.W.2d 138, 143–44 (Iowa 1979). We often reserve the issue of ineffective assistance of trial counsel for postconviction proceedings to allow development of an evidentiary record on the circumstances surrounding counsel's performance. *Watson*, 294 N.W.2d at 556. Nevertheless, if a defendant fails to raise the issue of ineffective assistance of trial counsel on direct appeal, he has the burden of showing sufficient reason for that failure or he is barred from asserting the claim in postconviction proceedings. *Id.*

Washington has failed to carry his burden of showing sufficient reason why his claim of ineffective assistance of trial counsel was not raised on direct appeal. The facts of the trial proceedings giving rise to this claim were known to defendant at the time his direct appeal was taken. He is not relying on any facts outside the record which he developed on postconviction to support his ineffective assistance of counsel claim. He did not make any new evidentiary record on postconviction. His appellate counsel was different from his trial counsel and there is no claim that appellate counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel. Ineffective assistance of appellate counsel is sufficient reason for failing to raise an issue on direct appeal. *Hinkle v. State*, 290 N.W.2d 28, 31 (Iowa 1980). Where no new facts are asserted in claiming ineffective assistance of counsel, and appellate counsel, apparently effective, was different from trial counsel, we do not find sufficient reason for failing to raise the ineffective assistance of counsel claim on direct appeal. We decline to consider an issue that should have been raised on direct appeal.

The court properly dismissed the application for postconviction relief.

AFFIRMED.