**STATE of Iowa, Appellee,**

v.

**Gerald Dean ALLEN, Appellant.**

**No. 85–664.**

Supreme Court of Iowa.

March 18, 1987.

Rehearing Denied April 9, 1987.

William W. Garretson, West Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen., and Terry L. Wilson, Co. Atty., for appellee.

Considered by HARRIS, P.J., and McGIVERIN, WOLLE, LAVORATO and NEUMAN, JJ.

McGIVERIN, Justice.

Defendant-applicant Gerald Dean Allen appeals from the revocation of his probation and reinstatement of his sentence of imprisonment for fourth offense operating a motor vehicle while intoxicated (OWI) and also appeals from the summary dismissal of his application for postconviction relief. Upon consideration of the issues raised by Allen's appeals, we dismiss the appeal of the probation revocation proceeding and re-

verse and remand the postconviction action to district court for further proceedings consistent with this opinion.

I. *Background facts and proceedings.* In July 1984 Allen was charged by trial information with the act of operating a motor vehicle while intoxicated, fourth offense. *See* Iowa Code § 321.-281(2)(c) (1983); Iowa R. Crim P. 5. Jury trial of the matter concluded with a declaration of mistrial. Iowa R. Crim P. 18(6)(a). Trial was rescheduled; however, a plea bargain under Iowa Rule of Criminal Procedure 9 was negotiated between defendant and the prosecutor and thereunder the district court accepted Allen's guilty plea to the charge of OWI, fourth offense.

The district court in Marion County, following its judgment of conviction on this class "D" felony, imposed a fine of $1000, sentenced Allen to an indeterminate term of imprisonment not to exceed five years, and revoked his driver's license for six years. *See* Iowa Code §§ 321.281(9)(a), 902.9(4). The court suspended the imprisonment portion of the sentence and placed Allen on probation for two years. *See id.* § 907.3(2).

In April 1985, less than one month after sentencing on his OWI conviction, Allen was arrested for operating a motor vehicle while his license was suspended. *See id.* § 321.282 (1985). The arrest was reported in writing to the district court as a probation violation by Allen's probation officer. On the probation officer's recommendation, a hearing was held by the district court to determine whether Allen's probation should be revoked. At the hearing Allen admitted driving while his operator's license was suspended; however, he sought to mitigate the violation by testifying that he perceived an emergency necessitating a two-block drive during which he was apprehended by a police officer. The district court revoked Allen's probation and reinstated the initial sentence of incarceration.

Allen filed motions for new trial and in arrest of judgment based on new evidence allegedly discovered after the hearing and on a defect in the trial information. The trial court overruled the motion for new trial because Allen failed to show the new evidence was not available or could not have been obtained through due diligence prior to the revocation hearing; it also overruled the motion in arrest of judgment because the challenge to the trial information was not timely.

Allen directly appealed from the sentence imposed by the probation revocation court.

In September 1985, Allen filed an application for postconviction relief. *See* Iowa Code § 663A.3 (1985). He alleged that his probation had been unlawfully revoked and that there existed material facts that were not known to the probation revocation court which required vacation of his sentence. *See id.* § 663A.2(4), (5). The State filed a general denial of the allegations. After notice to Allen of the intention of the court to dismiss his application and of his opportunity to resist, the district court held a hearing. At that time the district court summarily dismissed the postconviction application without an evidentiary hearing. *See id.* § 663A.6.

Allen appealed to this court from the dismissal of his application for postconviction relief. *See id.* § 663A.9. We ordered the consolidation of the direct appeal from the order revoking his probation and the appeal from the postconviction relief judgment.

We now address Allen's claims on appeal. Our scope of review on the postconviction appeal is for correction of errors at law. *See* Iowa R. App. P. 4; *Wenman v. State,* 327 N.W.2d 216, 217 (Iowa 1982).

■ II. *The direct appeal.* Allen challenges the actions of the probation revocation court on two matters in his direct appeal. He claims the court erred in denying his motion for new trial and in denying his motion in arrest of judgment. We perceive no merit in Allen's contentions on his attempted direct appeal from the probation revocation. A problem, however, also exists concerning our jurisdiction over his direct appeal from the order revoking his probation.

We have stated that probation revocation can be challenged only by application for postconviction relief and not by direct appeal. *State v. Rheuport*, 225 N.W.2d 122, 123 (Iowa 1975). Allen's application for postconviction relief did not raise the claims stated in his "motion for new trial," and we will not consider those contentions on direct appeal. Chapter 663A provides the exclusive remedy for challenging probation revocation, *id.;* therefore, we dismiss Allen's direct appeal of the probation revocation proceedings.

III. *Appeal from the postconviction proceedings.* Allen also challenged the probation revocation by his application for postconviction relief. He now claims on appeal that the summary dismissal of his application by the district court was erroneous in four respects: (1) that the court failed to rule on each issue presented in his postconviction petition; (2) that material issues of fact existed barring summary dismissal; (3) that the court failed to require the State to file a transcript of the probation revocation hearing; and (4) that the probation revocation court abused its discretion in reinstating his sentence of incarceration as a result of the probation violation.

■ A. *Ruling on each issue raised.* Allen argues in his brief that the postconviction court erred by failing to rule on each issue raised in the petition despite a requirement that the court consider each claim. *See* Iowa Code § 663A.7 ("The court shall make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented."). We have stated that substantial compliance with section 663A.7 is sufficient. *Rheuport v. State*, 238 N.W.2d 770, 777 (Iowa 1976). Although the postconviction court's ruling did not specifically respond to each of Allen's allegations, we believe the court adequately responded to the issues in its dictation into the record and written ruling. Therefore, we conclude Allen's argument is without merit.

B. *Material issue of fact.* Allen contends the postconviction court erred by summarily dismissing his application for postconviction relief and failing to grant an evidentiary hearing on material issues of fact. Two statutory methods for summary disposition of postconviction relief applications are set forth in Iowa Code section 663A.6. *Kyle v. State*, 322 N.W.2d 299, 302 (Iowa 1982). While the State prayed in its answer for dismissal of the postconviction proceeding, the words did not make the pleading a motion for summary disposition. *See Watson v. State*, 294 N.W.2d 555, 556 (Iowa 1980). We conclude that the postconviction court on its own initiative disposed of the case. *See* Iowa Code § 663A.6 second unnumbered para.

The court may summarily dismiss a petition on its own motion if the pleadings, affidavits and record do not present a material issue of fact and it is conclusively shown that the applicant is entitled to no relief. *Id.; Watson v. State*, 294 N.W.2d at 556–57; *State v. Mulqueen*, 188 N.W.2d 360, 367 (Iowa 1971). Where reasonable minds can draw different inferences, a material issue of fact exists, precluding summary disposition under section 663A.6. *Boge v. State*, 309 N.W.2d 428, 430 (Iowa 1981). The postconviction court's judgment will not be disturbed if it is supported by substantial evidence. *Mulqueen*, 188 N.W.2d at 362.

Allen raised a matter that he classified as a material issue of fact for the postconviction court's consideration. He claimed he was induced to admit during the probation revocation hearing that he drove while his license was suspended. According to Allen, his probation officer stated that if Allen cooperated in his probation revocation proceeding in another county the Marion county proceeding would be dismissed. The Marion county probation revocation court was not aware of this conversation when it considered Allen's probation violation. The postconviction court stated that the probation revocation court would not have been bound by the statement even if it had been made aware of it.

Allen argues that the recent case of *State v. Nelsen*, 390 N.W.2d 589 (Iowa

1986), controls. In *Nelsen* the probationer made incriminating statements to her probation officer. *Id.* at 590. The probationer then challenged the use of those statements in a trial on a new criminal charge because her right to counsel had been violated. *Id.* at 591. We reversed Nelsen's conviction and remanded the case for a new trial. *Id.* at 593.

The *Nelsen* case is distinguishable from the one at bar. Nelsen did not admit her conduct in testimony in subsequent court proceedings.

 We examine the record in the light most favorable to the party resisting summary disposition. *Watson v. State,* 294 N.W.2d at 557; *State v. Boge,* 252 N.W.2d 411, 414 (Iowa 1977). If what Allen claims is true, his admission during the probation revocation hearing to driving under suspension may have been induced. Allen waived this argument, however, by his subsequent admission of the probation violation in his application for postconviction relief. On the face of Allen's application and affidavits, the postconviction court could draw only one conclusion, that Allen violated his probation. The contention that his probation officer promised him leniency in the Marion county probation revocation proceeding is immaterial. Therefore, we conclude the postconviction court was correct in its assessment that no material fact issue concerning a statement by his probation officer was presented by Allen's application.

C. *Necessity of filing of record material to issues raised.* Allen argues the postconviction court erred in not requiring the State to file the transcript of the probation revocation hearing. Section 663A.6, first unnumbered paragraph, states in relevant part:

> If the application is not accompanied by the record of the proceedings challenged therein, the respondent [State] shall file with its answer the record or portions thereof that are material to the questions raised in the application.

Allen specified in his application that he was not attaching a transcript of the revocation proceedings to his application for postconviction relief. He states that the duty of providing the transcript then shifted to the State.

The State responds by arguing that the court had sufficient record on which to base its decision and no further record was required because the application did not raise any material issue of fact. The State does recognize that Allen in his application for postconviction relief was raising the issue of whether the probation revocation court abused its discretion in revoking his probation and reinstating his original sentence of imprisonment.

It is important at this point to determine the record available to the postconviction court and the issues the court was asked to consider. The application for postconviction relief filed by Allen admitted that while on probation he drove his car two blocks while his license was suspended. He claimed that he perceived the situation to be an emergency. He alleged that no alcohol was involved and no accident occurred as a result of his driving. The answer filed by the State was a general denial providing no information to the court. The court also had before it the case file that contained a judgment entry by the probation revocation court. The judgment entry recited that the probationer admitted operating a motor vehicle while his license was revoked in violation of his probation. The evidentiary transcript of the probation revocation hearing was not before the postconviction court, however.

The two main issues the court was asked to address were whether the probation officer's promise should affect the probation revocation and whether the probation revocation court abused its discretion in revoking Allen's probation and reinstating his original sentence of imprisonment. As we stated in subdivision III(B), the record before the postconviction court was sufficient to dispose of the first issue adversely to Allen. We consider the second issue in conjunction with the merits of the abuse of discretion argument.

D. *Abuse of discretion.* Allen's application for postconviction relief stated that the court had abused its discretion in revoking his probation and reinstating the initial sentence of imprisonment.

Probation revocation involves a two-step inquiry by the court. First, the court must determine if a probation violation has occurred. Next, the court must determine what should be done as a result of the violation. *Patterson v. State,* 294 N.W.2d 683, 684 (Iowa 1980) (quoting *Morrissey v. Brewer,* 408 U.S. 471, 479–80, 92 S.Ct. 2593, 2599, 33 L.Ed.2d 484, 493 (1972)); *Rheuport v. State,* 238 N.W.2d at 773; *see* Iowa Code § 908.11 (possible dispositions following probation violation).

Allen does not challenge the court's determination that a probation violation occurred. His request for postconviction relief stems from an alleged abuse of discretion in determining that his original imprisonment sentence should be reinstated.

On review of the sentencing function exercised by the probation revocation court, the postconviction court should not find an abuse unless "discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Morrison,* 323 N.W.2d 254, 256 (Iowa 1982) (supreme court's review standard of a trial court's initial sentencing). Grounds for probation revocation must be proved by a preponderance of the evidence; thus, on review there must be sufficient evidence to support the district court's revocation of probation. *See Calvert v. State,* 310 N.W.2d 185, 186–87 (Iowa 1981); *State v. Tech,* 240 N.W.2d 658, 661 (Iowa 1976).

■ We now turn to the postconviction court's ruling in this case. Both parties were under a duty to provide the postconviction court with the record on which to review the probation revocation court's alleged abuse of discretion. The State's duty existed because the statutory language requires the State to file the record "material to the questions raised in the application" if the applicant has not done so. Iowa Code § 663A.6 first unnumbered para. Likewise, Allen was required to "specifically set forth the grounds upon which the application [was] based" as well as "[f]acts within the personal knowledge of the applicant" to support those allegations. Iowa Code § 663A.4. His application did not specify the details of the claimed emergency mitigating his probation violation. He was under a duty to present the facts, which could have been done by attaching the transcript of the probation revocation hearing to the application.

■ It was not discernible from the record before the postconviction court whether the probation revocation court considered the emergency argument raised by Allen in mitigation of his probation violation. Thus, the postconviction court could not rule on whether the probation revocation court abused its discretion. We have the benefit of a transcript of the probation revocation hearing, which was filed with the district court and us long after the postconviction court ruled and this appeal was taken. With the benefit of that transcript, we could determine whether the revocation court abused its discretion. Sitting as a court for the correction of errors, however, we cannot make that determination. The postconviction court must decide that issue. *See State v. Hrbek,* 336 N.W.2d 431, 437 (Iowa 1983).

■ IV. *Disposition.* We, therefore, reverse and remand the case to the postconviction court to allow the court to review the record previously before it, along with the transcript of the probation revocation hearing. The court should determine as a matter of law whether the probation revocation court abused its discretion in reinstating Allen's sentence of imprisonment following the finding of a probation violation. If a material issue of fact exists as to an abuse, Allen's application for postconviction relief should not be dismissed and an evidentiary hearing should be scheduled. If, however, the postconviction court concludes that the probation revocation court did not abuse its discretion in reinstating the sentence of imprisonment, then the postconviction judgment shall

stand affirmed. Allen's direct appeal of the probation revocation is dismissed.

APPEAL DISMISSED IN PART; RE-VERSED IN PART AND REMANDED.