**Damien David COLLINS, Appellant,**

v.

**STATE of Iowa, Appellee.**

No. 90–955.

Supreme Court of Iowa.

Nov. 20, 1991.

Wallace L. Taylor, Cedar Rapids, for appellant.

Bonnie J. Campbell, Atty. Gen., Amy M. Anderson, Asst. Atty. Gen., Denver D. Dillard, County Atty., and Scott Peterson, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO and SNELL, JJ.

McGIVERIN, Chief Justice.

Applicant Damien David Collins filed an application for postconviction relief claiming that he had been denied effective assistance of counsel at his trial for the crime of pimping. *See* Iowa Code § 725.2 (1985). The district court denied Collins' application, ruling that his trial counsel did not render ineffective assistance. We affirm.

I. *Background facts and proceedings.* Collins was charged with the crime of pimping in violation of Iowa Code section 725.2.[1] Prior to his trial, his trial counsel moved to suppress a confession Collins allegedly had made to police authorities, claiming that the confession had been made involuntarily. This motion was overruled, and Collins was ultimately found guilty by a jury and sentenced by the court in 1985.

In Collins' direct appeal, considered first by our court of appeals, he raised, through different counsel, the issue of the voluntariness of his confession, and the general contention, based upon a claimed insufficiency of the evidence, that he was not guilty of the charged crime. The court of appeals affirmed Collins' conviction by operation of law. *See* Iowa Code § 602.-

---

1. Iowa Code section 725.2 provides:

     A person who solicits a patron for a prostitute, or who knowingly takes or shares in the earnings of a prostitute, or who knowingly furnishes a room or other place to be used for the purpose of prostitution, whether for compensation or not, commits a class "D" felony.

5106(1). Upon further review, we affirmed the decisions of the court of appeals and the district court. *State v. Collins*, 402 N.W.2d 771 (Iowa 1987) (table).

After the dismissal of his federal habeas corpus petition brought in United States district court, Collins filed, by his present and third attorney, the present application for postconviction relief. *See* Iowa Code § 663A.3 (1989). For the first time in Iowa courts, he claimed that Iowa Code section 725.2 is unconstitutionally vague and overly broad. He also claimed, for the first time, that his criminal case trial counsel rendered ineffective assistance by failing to raise this constitutional challenge. The State moved to dismiss the application on the ground that Collins had failed to state a "sufficient reason" for not having raised these claims in his criminal case trial and on direct appeal. After an evidentiary trial, the postconviction court denied the application, ruling that Collins' trial counsel did not render ineffective assistance because it found that section 725.2 was constitutional. Collins then brought the present appeal.

II. *Ineffective assistance claim.* In the postconviction court and on this appeal, the State contends that Collins has not shown "sufficient reason" for not having raised, at his criminal trial and on direct appeal, his challenge to the constitutionality of section 725.2, and for not having raised earlier his claim of ineffective assistance of trial counsel.

■ The postconviction court did not rely on this ground in dismissing Collins' application. However, we will affirm on appeal, as we do here, where any proper basis appears for the district court's ruling, even though it is not the one upon which the court based its ruling. *Galloway v. Bankers Trust Co.*, 420 N.W.2d 437, 441 (Iowa 1988).

■ In order to assert a claim of ineffective assistance of trial counsel in a postconviction proceeding, an applicant such as Collins ordinarily must show that his claim was preserved for review by being made on direct appeal. *See Washington v. Scurr*, 304 N.W.2d 231, 235 (Iowa 1981). How-ever, a claim of ineffective assistance of trial counsel may be made in a postconviction proceeding, even if not made on direct appeal, if the applicant establishes by a preponderance of the evidence "sufficient reason" or "cause" for not having raised the issue at trial and on direct appeal, and also establishes prejudice resulting from the alleged errors. *Kane v. State*, 436 N.W.2d 624, 626–27 (Iowa 1989); *Polly v. State*, 355 N.W.2d 849, 855–56 (Iowa 1984) (alleged errors must infect the entire trial with error of constitutional dimension); Iowa Code § 663A.8; *see also Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (state prisoner, barred by procedural default from raising a constitutional claim on direct appeal, could not litigate that claim in a habeas corpus proceeding without showing cause for and actual prejudice from the default). Ineffective assistance of appellate counsel may provide "sufficient reason" or "cause" to permit the issue of ineffective assistance of trial counsel to be raised for the first time in a proceeding for postconviction relief. *Kane*, 436 N.W.2d at 627–28; *Scurr*, 304 N.W.2d at 235; *Sims v. State*, 295 N.W.2d 420, 422–23 (Iowa 1980); *Hinkle v. State*, 290 N.W.2d 28, 31 (Iowa 1980).

■ Collins has failed to prove "sufficient reason" or "cause" for not having raised the issue of ineffective assistance of trial counsel because he failed to present to the postconviction court the issue of ineffective assistance of appellate counsel. *Scurr*, 304 N.W.2d at 235 (no sufficient reason shown where there was no claim that appellate counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel). He also failed to prove, in any other manner, sufficient reason for not raising his claim. Collins' only argument in the present appeal is that it is unnecessary to assert, on the direct criminal case appeal, claims of ineffective assistance of trial counsel, because such claims are more properly considered in proceedings for postconviction relief. *See State v. Allen*, 348 N.W.2d 243, 248 (Iowa 1984) (charges of ineffective assistance of counsel relating to matters which could not be

determined from record available on direct appeal may only be determined on application for postconviction relief).

 This argument misinterprets our case law. We often reserve the issue of ineffective assistance of trial counsel for postconviction proceedings to allow development of an evidentiary record on the circumstances surrounding counsel's performance. *Scurr*, 304 N.W.2d at 235. Nevertheless, if a defendant fails to raise the issue of ineffective assistance of trial counsel on direct appeal, he has the burden of showing sufficient reason for that failure or he is barred from asserting the claim in postconviction proceedings. *Id.; State v. Epps*, 322 N.W.2d 288, 292 (Iowa 1982); *State v. Steltzer*, 288 N.W.2d 557, 560 (Iowa 1980).

 The foregoing rules are derived from the general principle that a postconviction proceeding is not an alternative avenue for litigating issues that were not properly preserved for review on direct appeal. *Polly*, 355 N.W.2d at 855; *Scurr*, 304 N.W.2d at 235; Iowa Code § 663A.2 ("This remedy is not a substitute for ... direct review of the sentence or conviction."). A similar general principle guides federal decisions. *See, e.g., United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816, 828 (1982) (cited in *Polly*); *see also Engle v. Isaac*, 456 U.S. 107, 130, 102 S.Ct. 1558, 1573, 71 L.Ed.2d 783, 802 (1982) (perceived futility of presenting an objection to the state courts cannot alone constitute "cause" for failure to object at trial for purposes of subsequent habeas corpus petition).

Some of the reasons underlying these strictures on the pursuit of postconviction remedies include the need to avoid the extension of the trial ordeal for both society and the accused; the need to avoid the degradation of the prominence and importance of the original criminal trial; the need to heighten prisoner focus on good behavior, rehabilitation, parole, and release, rather than on postconviction proceedings; and societal inability to punish the guilty when postconviction relief is granted so long after commission of the crime that retrial is a practical impossibility. *Polly*, 355 N.W.2d at 855–56 (citing foregoing reasons in support of requirement that applicant demonstrate "actual prejudice" resulting from alleged errors at trial) (citing *Engle*, 456 U.S. at 126–29, 102 S.Ct. at 1571–72, 71 L.Ed.2d at 799–801 (detailing the significant costs of the writ of habeas corpus)).

III. *Disposition.* For the foregoing reasons, we affirm the postconviction court's denial of Collins' application for postconviction relief. Accordingly, it is unnecessary to discuss Collins' constitutional challenge to section 725.2.

AFFIRMED.