John C. LeGRAND, Appellant,

v.

STATE of Iowa, Appellee.

No. 94–1678.

Court of Appeals of Iowa.

Sept. 22, 1995.

Alfredo Parrish of Parrish, Kruidenier, Moss, Dunn & Thomas, Des Moines, for appellant.

Thomas J. Miller, Attorney General; Thomas S. Tauber, Assistant Attorney General; Denver D. Dillard, County Attorney; and Scott Peterson, Assistant County Attorney, for appellee.

Considered by DONIELSON, C.J., and CADY and HUITINK, JJ.

DONIELSON, Chief Judge.

John LeGrand appeals the district court's denial of his application for postconviction relief. He claims he was denied the effective assistance of trial counsel and the trial court's refusal to instruct the jury on voluntary manslaughter violated his right to a fair trial. LeGrand specifically argues his counsel was ineffective in failing to move to suppress statements he made to police officers. As a result of the admission of those statements, he contends the trial court refused to submit an instruction on the lesser included offense of manslaughter to the jury. The State argues LeGrand has not preserved his claim of ineffective assistance of counsel and the issue of a voluntary manslaughter instruction was already resolved in his direct appeal. We agree and affirm.

## I. BACKGROUND

A jury found LeGrand guilty of first-degree murder on December 15, 1987. In his appeal to this court LeGrand raised two issues: 1) whether the trial court erred in refusing to submit an instruction on the lesser-included offense of voluntary manslaughter; and 2) whether his right to a fair trial was violated when sheriff's deputies transported jurors to the courthouse during their deliberations. *See State v. LeGrand*, 442 N.W.2d 614 (Iowa App.1989). In that appeal we rejected LeGrand's arguments and affirmed his conviction.

On June 24, 1992, LeGrand filed a petition for postconviction relief. In his application LeGrand claimed his trial counsel was ineffective in failing to move to suppress his statements to police and in failing to move for a change of venue. Ruling on the merits of LeGrand's arguments, the postconviction court rejected his claims and denied his application for postconviction relief. It is LeGrand's appeal from that ruling which is now before this court.

## II. ISSUE PRESERVATION

"In order to assert a claim of ineffective assistance of trial counsel in a postconviction proceeding, an applicant ... ordinarily must show that his claim was preserved for review by being made on direct appeal." *Collins v. State*, 477 N.W.2d 374, 376 (Iowa 1991). However, a claim of ineffective assistance of trial counsel may be made in a postconviction proceeding, even if not made on direct appeal, if the applicant establishes by a preponderance of the evidence "sufficient reason" or "cause" for not having raised the issue on direct appeal. *Id.; see also* Iowa Code § 822.8 (1993). Ineffective assistance of appellate counsel may provide sufficient reason or cause to permit the issue of ineffective assistance of trial counsel to be raised for the first time in a proceeding for postconviction relief. *Collins*, 477 N.W.2d at 376.

At no point in his application for postconviction relief, his appellate brief, or his reply brief, has LeGrand attempted to make a showing of a sufficient reason or cause for his failure to raise his claim of ineffective assistance of trial counsel in his direct appeal.

His briefs merely claim the issue was preserved for review by his filing of an application for postconviction relief.[1]

 Both before the postconviction court and in this appeal, the State has alleged LeGrand has not shown a sufficient reason for not having raised his claim of ineffective assistance of trial counsel in his direct appeal. While the postconviction court did not rely on this basis in denying LeGrand's application, "we will affirm on appeal, as we do here, where any proper basis appears for the district court's ruling, even though it is not the one upon which the court based its ruling." *Collins*, 477 N.W.2d at 376.

 LeGrand has failed to prove a sufficient reason or cause for not having raised the issue of ineffective assistance of trial counsel in his direct appeal. He failed to present to the postconviction court the issue of ineffective assistance of appellate counsel, and he has failed to prove, in any other manner, a sufficient reason for not having previously raised this claim. Similar postconviction claims of ineffective assistance of trial counsel have been barred because of an applicant's failure to assert the ineffective assistance of appellate counsel. *See Collins*, 477 N.W.2d at 376; *Washington v. Scurr*, 304 N.W.2d 231, 235 (Iowa 1981).

In his reply brief LeGrand appears to argue he did not have to raise his claim of ineffective assistance of trial counsel on direct appeal since most claims of ineffective assistance are generally preserved for review in postconviction proceedings. This argument has been previously rejected. *See Collins*, 477 N.W.2d at 377.

 LeGrand's final argument challenges the trial court's refusal to submit an instruction on the lesser-included offense of voluntary manslaughter. We previously rejected this argument in LeGrand's direct appeal. *LeGrand*, 442 N.W.2d at 615. LeGrand proffers no legitimate basis for reasserting this claim in his postconviction proceeding and we cannot readdress the propriety of our prior decision. *See* Iowa Code § 822.8 (1993).

**AFFIRMED.**

---

1. Appellant's Brief p. 3; Appellant's Reply Brief p. 1.