# IN THE COURT OF APPEALS OF IOWA

No. 15-1909
Filed August 17, 2016

**STATE OF IOWA,**
          Plaintiff-Appellee,

**vs.**

**DUSTIN LEVI VOS,**
          Defendant-Appellant.

_____

          Appeal from the Iowa District Court for Marion County, Randy V. Hefner, Judge.

          A defendant appeals challenging the knowing and voluntary nature of his guilty plea. **AFFIRMED.**

          Patrick W. O'Bryan of O'Bryan Law Firm, Des Moines, for appellant.

          Thomas J. Miller, Attorney General, and Linda J. Hines and Kevin Cmelik, Assistant Attorneys General, for appellee.

          Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**VOGEL, Judge.**

Dustin Vos pled guilty to possession with the intent to deliver five grams or less of methamphetamine, in violation of Iowa Code section 124.401(1)(c)(6) (2015).  As a result of his plea, his probation was revoked with respect to his earlier conviction for assault causing injury and second-degree harassment.  Vos received a sentence of ten years in prison, with a one-third mandatory minimum, to be served consecutively to the two-year sentence imposed on the earlier conviction.

He appeals, contending he received ineffective assistance of counsel because counsel failed to challenge his guilty plea by a motion in arrest of judgment alleging his plea was not knowingly and voluntarily entered.  Specifically, he claims counsel "did not adequately explain things to him prior to the plea he entered," and "there was no inquiry made during the plea proceeding concerning whether or not the prescription medication [he] was taking impeded his ability to fully understand the plea . . . and the rights he was giving up by waiving the use of a presentence investigation."[1]  He claims it was incumbent upon the court to inquire whether the medications would impair his ability to understand the proceeding.[2]

---

[1] We note the court did inquire as to the medication Vos was taking and the medical conditions the medication was intended to address.

[2] Vos also claims that because his guilty plea to the possession charge was invalid, his probation revocation is likewise invalid.  The appeal from the probation revocation was given a separate appellate docket number.  That matter is not before this court because it was dismissed by the supreme court due to a lack of subject matter jurisdiction.  There is no appeal as a matter of right from an order revoking probation; the revocation of the probation can only be reviewed through a postconviction relief action.  *See State v. Allen*, 402 N.W.2d 438, 441 (Iowa 1987) ("We have stated that probation revocation can be challenged only by application for postconviction relief and not by direct appeal.").

The premised error is based solely on the court's lack of inquiry—the lack of a question from the court to Vos regarding whether the medication affected his ability to comprehend. Absent from his brief is any claim that this medication can affect his ability to understand or that he did not knowingly and voluntarily enter the guilty plea because he did not understand some aspect of the guilty plea proceeding. *See Castro v. State*, 795 N.W.2d 789, 795–96 (Iowa 2011) (providing a defendant needs an expert medical opinion to address the effect the medication may have had on the voluntariness of the defendant's guilty plea). He further makes no claim that he would have insisted on going to trial had he understood some previously unknown aspect of the guilty plea proceedings or an unknown consequence of pleading guilty. *See State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006) (noting "the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial" in order to establish prejudice for an ineffective-assistance claim to challenge a guilty plea).

However, such a claim must be preserved for postconviction relief because the record is not adequate, and we may not rule on the merits of a claim without an adequate record or penalize Vos for inadequate briefing of the claim on direct appeal. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) (stating defendants, on direct appeal, "are not required to make any particular record in order to preserve the claim for postconviction relief" and when the record is inadequate to address the claim, "the court must preserve it for a postconviction-relief proceeding, regardless of the court's view of the potential viability of the claim"). We affirm Vos's conviction for possession with the intent

to deliver five grams or less of methamphetamine, and we preserve his challenge to the guilty plea for postconviction-relief proceedings.

**AFFIRMED.**