# IN THE COURT OF APPEALS OF IOWA

No. 15-2057
Filed January 24, 2018

**SCOTT ROBERT ROBINSON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____


    Appeal from the Iowa District Court for Dubuque County, James C. Bauch,

Judge.


    Appeal from the denial of an application for postconviction relief filed

pursuant to Iowa Code chapter 822 (2015). **REVERSED AND REMANDED.**



    Les M. Blair III of Blair & Fitzsimmons, P.C., Dubuque, for appellant.

    Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee State.



    Heard by Doyle, P.J., and Tabor and McDonald, JJ.

**MCDONALD, Judge.**

Scott Robinson was convicted of first-degree kidnapping in 2012. This court affirmed his conviction on direct appeal. *See State v. Robinson* (*Robinson I*), No. 12-1323, 2014 WL 251909, at *5 (Iowa Ct. App. Jan. 23, 2014). On further review, the supreme court vacated Robinson's conviction for kidnapping and remanded the matter. *See State v. Robinson* (*Robinson II*), 859 N.W.2d 464, 482 (Iowa 2015). After remand, Robinson was convicted of sexual abuse in the third degree and sentenced to an indeterminate term of incarceration not to exceed ten years. *See State v. Robinson* (*Robinson III*), No. 15-0614, 2016 WL 1130611, at *1 (Iowa Ct. App. Mar. 23, 2016).

This appeal arises out of Robinson's application for postconviction relief. In his application, Robinson asserted numerous claims of ineffective assistance of trial counsel. Robinson's postconviction counsel asserted additional claims on Robinson's behalf. The postconviction matter came on for trial. The district court heard the testimony of Robinson's trial counsel. The district court received into evidence certain exhibits related to trial counsel's representation of Robinson. The criminal file was not made part of the postconviction record because it was unavailable. The docket reflects that, during the pendency of the postconviction proceeding, the criminal file was in the possession of the Clerk of the Supreme Court while *Robinson III* was pending. Nonetheless, without access to the file, the district court denied each of Robinson's claims for postconviction relief. Robinson timely filed this appeal.

This court is unable to exercise meaningful appellate review of the postconviction-relief proceeding under the circumstances presented. Because the

criminal file was not part of the postconviction record, the criminal file is not in the appellate record.  Here, most, if not all, of Robinson's claims cannot be resolved or properly resolved without access to the underlying criminal file.  To cite but one example, Robinson contends his trial counsel suffered from a conflict of interest because trial counsel had a personal and professional relationship with the victim's mother.  It is possible trial counsel's cross-examination of the victim was compromised due to trial counsel's relationship with the victim's mother that resulted in prejudice to Robinson's case.  Without access to the file and transcript, however, the issue cannot be resolved without resort to speculation.

On whose head should responsibility lie for the failure to make the necessary record?  "Both parties were under a duty to provide the district court with the record on which to review" the claims for postconviction relief.  *State v. Allen*, 402 N.W.2d 438, 443 (Iowa 1987).  Robinson was required to set forth the grounds and facts in support of his application for postconviction relief.  *See* Iowa Code § 822.4 (2015); *Allen*, 402 N.W.2d at 443.  The State was required to "file with its answer the record or portions thereof that are material to the questions raised in the application" if the "application [was] not accompanied by the record of the proceedings challenged therein."  Iowa Code § 822.6; *see Allen*, 402 N.W.2d at 443.  The postconviction court had a concomitant responsibility to ensure the parties made of record those parts of the criminal file material to the disposition of the claims presented.

Under the limited circumstances presented here, where the underlying criminal file was "material to the questions raised in the application," where the physical file was not available to the parties, and where the lost records exception

was inapplicable, *see, e.g., State v. McKnight*, 356 N.W.2d 532, 534–35 (Iowa 1984), we conclude the district court erred in disposing of Robinson's application for postconviction relief without resort to the underlying criminal file. Where, as here, the necessary record was temporarily unavailable, the district court should have stayed the proceedings or reserved ruling until the necessary record became available. We thus reverse and remand this matter to allow the parties to provide the district court with the record and to allow the district court to consider each of Robinson's claims in light of the record provided. *See Allen*, 402 N.W.2d at 443–44; *Saul v. State*, No. 14-0962, 2015 WL 3624119, at *3 (Iowa Ct. App. June 10, 2015) (reversing denial of application for postconviction relief where the parties failed to make available transcript of plea proceeding in challenge to adequacy of factual basis for guilty plea).

**REVERSED AND REMANDED.**