# IN THE COURT OF APPEALS OF IOWA

No. 24-0078
Filed August 20, 2025

**DOMINICK RONALD MARCOTT,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Jeanie Vaudt, Judge.

An applicant appeals the denial of postconviction relief. **AFFIRMED.**

James S. Blackburn, Des Moines, for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee.

Considered without oral argument by Tabor, C.J., and Langholz and Sandy, JJ.

**LANGHOLZ, Judge.**

Facing numerous charges across nine separate criminal cases, Dominick Marcott's counsel negotiated a global plea agreement that dismissed all but three charges and successfully obtained suspended prison sentences for all three. One of the charges was for possessing a controlled substance—Marcott's third such offense, triggering a sentencing enhancement. Despite obtaining a highly favorable disposition, Marcott flouted his probation terms and was ultimately ordered to serve the five-year prison sentence for the possession offense. A few months later, he applied for postconviction relief from that possession conviction, arguing that his trial counsel failed to advise him of possible constitutional problems with the possession sentencing enhancement under Iowa Code section 124.401(5) (2020). The district court denied his application, finding that his counsel provided effective assistance.

Marcott now appeals, and we affirm. Because Marcott has not shown his constitutional theories have merit, his counsel did not breach any essential duty by failing to pursue them. Even if Marcott could identify a breach, he also failed to show that he would have rejected the extremely beneficial plea agreement. And while Marcott summarily asserts that two other attorneys also were ineffective, he did not adequately brief those issues on appeal, so they are waived.

I.

In July 2020, Marcott pleaded guilty to possession of a controlled substance, methamphetamine, third offense. *See* Iowa Code § 124.401. The plea agreement listed his two prior possession offenses—one in 1996 and another in 1998—and the resulting sentencing enhancement under section 124.401(5).

Indeed, Marcott initialed next to all these terms. The plea was part of a global agreement to resolve nine pending criminal cases, and Marcott ultimately received a suspended sentence on a five-year prison term for the possession offense.

Despite initially avoiding prison time, Marcott twice violated his probation—by testing positive for methamphetamine and failing to complete his treatment program—and was thus ordered to serve the five-year sentence. Marcott tried to appeal that probation revocation, which our supreme court dismissed as improper. *See State v. Allen*, 402 N.W.2d 438, 440–41 (Iowa 1987) ("[P]robation revocation can be challenged only by application for postconviction relief and not by direct appeal."). He then unsuccessfully tried to vacate his original sentence as illegal, claiming his two prior possession convictions fell outside the sentencing enhancement. Marcott again appealed, which our supreme court considered as a petition for writ of certiorari and summarily denied.

Meanwhile, a few months after entering prison, Marcott applied for postconviction relief from the possession offense. His application proceeded to trial, where he clarified the nature of his ineffective-assistance claims.[1] First considering his initial trial counsel, Marcott conceded that he "knowingly and voluntarily" entered the guilty plea, but he later believed there were errors in his case. Specifically, he believed his prior possession convictions should have "dropped off after twelve years, like OWIs." And he contended that had counsel told him that he could challenge the constitutionality of the enhancement—which he believes unreasonably treats repeat OWI offenders differently than repeat

---

[1] Marcott's amended application contained other grounds for relief. But as he only appeals his ineffective-assistance claims, we do not discuss the other grounds.

possession offenders and improperly considers pre-enactment offenses—he would not have pleaded guilty. As for his probation-revocation counsel, he faulted her for not discussing his appeal rights. And he similarly faulted the attorney appointed to assist with his illegal-sentence appeal for not explaining his options after the certiorari petition was denied.

The district court denied Marcott's application. First, the court found that his trial counsel had no duty to "interfere with a generous global plea agreement beneficial to [Marcott] so that [he] could advance a hopeless and frivolous argument relating to only one of his many criminal counts." Next, it found that Marcott's probation-revocation counsel did not breach any essential duty, nor did any failure to advise "of the existence of the postconviction remedy" prejudice him. Finally, the court concluded that Marcott failed to identify what his illegal-sentence appellate counsel "could or should have done that went undone." Because none of the three attorneys breached any duties or caused prejudice, the court held that Marcott was not entitled to postconviction relief. Marcott now appeals.

II.

*Ineffective assistance, generally*. Criminal defendants are constitutionally entitled to assistance of counsel. *See* U.S. Const. amend. VI; Iowa Const. art. I, § 10. In Iowa, defendants who believe their counsel provided deficient representation may vindicate their rights by applying for postconviction relief. Iowa Code § 822.2(1)(a) (2022). To prove ineffective assistance, an applicant must show "both that counsel breached an essential duty and that constitutional prejudice resulted." *Smith v. State*, 7 N.W.3d 723, 726 (Iowa 2024). We review the district court's ruling on ineffective-assistance issues de novo. *Id.* at 725.

Applicants alleging ineffective assistance carry heavy burdens. To show breach, an applicant must prove counsel "did not meet the standard of performance required of a reasonably competent practitioner." *Id.* at 726 (cleaned up). We employ a "strong presumption that the attorney acted competently" and will only intervene when the applicant proves errors so egregious that they undermine the adversarial guarantee of the Sixth Amendment. *Id.*

And even if we locate one or more unprofessional errors, the applicant must still prove constitutional prejudice resulted. Prejudice exists if "there is a reasonable probability" that, but for those errors, "the result of the proceeding would have been different." *Id.* at 727 (cleaned up). In the context of guilty pleas, the applicant must show that he "would have insisted on going to trial" but for counsel's errors. *Irving v. State*, 533 N.W.2d 538, 541 (Iowa 1995).

*Trial counsel*. On appeal, Marcott renews his argument that his initial trial counsel should have more thoroughly explained the possession sentencing enhancement, and had he understood the enhancement's possible infirmities, he would not have pleaded guilty. But, like the district court, we find no merit in this claim.

For starters, Marcott offers no authority to support his belief that the sentencing enhancement unconstitutionally distinguishes between repeat possessors and repeat impaired drivers. Nor does he provide any caselaw to substantiate his view that offenses committed prior to enacting section 124.401(5) cannot support an enhanced sentence for crimes committed after its enactment— a view directly at odds with supreme court precedent. *See State v. DeCamp*, 622 N.W.2d 290, 295–96 (Iowa 2001). Counsel has no duty to pursue meritless

courses of action. *State v. Tompkins*, 859 N.W.2d 631, 637 (Iowa 2015). So Marcott failed to show that his counsel breached an essential duty.

And even if Marcott's objections had some heft, he has not shown he suffered any prejudice. Marcott was facing nine separate criminal cases, with maximum penalties totaling ninety years in prison. His counsel helped negotiate a plea deal that winnowed the cases down to just three charges and successfully obtained suspended sentences, giving Marcott the chance to avoid incarceration entirely. Considering this highly favorable disposition together with his concession that he knowingly and voluntarily entered the plea, we find Marcott has failed to show he would have rejected the plea agreement. *See State v. Hallock*, 765 N.W.2d 598, 606 (Iowa Ct. App. 2009).

*Probation-revocation and illegal-sentence counsel*. Marcott also nominally appeals the district court's finding that his other two attorneys—who represented him during the probation-revocation proceedings and when appealing his illegal-sentence denial—provided effective assistance. But we find these claims insufficiently briefed for appellate review. Marcott identifies no specific deficiencies with his attorneys' representation and instead rests on the conclusory assertion that they provided ineffective assistance in light of "all the circumstances" and his "testimony at the post-conviction trial." As we often stress, we cannot step into the shoes of counsel to comb through testimony for favorable facts and create legal arguments for parties. *See Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996). Without meaningful advocacy showing how Marcott's probation-revocation and illegal-sentence attorneys were ineffective, we find the issues waived.

**AFFIRMED.**