Jeff BERRYHILL, Appellant,

v.

STATE of Iowa, Appellee.

No. 98–1786.

Supreme Court of Iowa.

Nov. 17, 1999.

Alfredo Parrish and Maggi Moss of Parrish, Kruidenier, Moss, Dunn & Montgomery, L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Martha E. Boesen, Assistant Attorney General, Lynn K. Fillenwarth, County Attorney, and Richard Meyer, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, CADY, and ANDREASEN,* JJ.

CADY, Justice.

Jeff Berryhill appeals from an order by the district court dismissing his application for postconviction relief for failing to first raise his claims for relief on direct appeal. Berryhill claims he was not required to pursue an appeal because the trial record was inadequate to develop his claims. We affirm the ruling by the district court.

## I. Background Facts and Proceedings.

Jeff Berryhill was convicted of first-degree burglary on November 6, 1997. He forcibly entered an apartment one evening after he suspected his girlfriend had gone to the apartment to visit a man with whom she had developed a romantic interest. Berryhill found the man and his girlfriend together in the apartment after he entered. He struck the man in the eye with his fist, resulting in a cut above the eye. Berryhill was twenty years old at the time, and had been drinking prior to the crime.

Berryhill was sentenced to a term of incarceration not to exceed twenty-five years. The sentencing court did not have the option under the law to suspend the sentence and grant probation because the crime constituted a forcible felony. Berryhill had no prior criminal or juvenile record.

Berryhill filed a timely notice of appeal from the judgment and sentence on January 20, 1998. He also filed an application for postconviction relief on February 23, 1998, alleging ineffective assistance of trial counsel. Berryhill alleged his trial counsel was ineffective in failing to fully advise him on the waiver of his right to a trial by jury, file a motion to sever, fully investigate the case, and perform adequate discovery.

On March 2, 1998, Berryhill filed a voluntary dismissal of his appeal. He believed the trial record was inadequate to properly present his ineffective assistance of counsel claims on appeal, and elected to pursue them in the postconviction relief proceeding where a full and complete record could be made.

Following the issuance of the procedendo, the State moved to dismiss the application for postconviction relief. It claimed Berryhill was precluded from pursuing his postconviction relief claims because they were not raised on direct appeal.

The district court concluded Berryhill failed to establish sufficient reason or cause for not pursuing his postconviction relief claims on direct appeal. The court dismissed the application for postconviction relief.

Berryhill appeals. He argues there is no statutory prohibition against raising a claim of ineffective assistance of trial counsel for the first time in a postconviction relief application. Furthermore, he claims there was sufficient reason for not pursuing his claims on direct appeal.

## II. Scope of Review.

■ Our review of postconviction relief proceedings can be for errors at law or de novo. When the action implicates consti-

---

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (1999).

tutional issues, our consideration is in the nature of a de novo review. *Key v. State*, 577 N.W.2d 637, 639 (Iowa 1998). When no constitutional safeguards are at issue, our review is for errors at law. *Fenske v. State*, 592 N.W.2d 333, 338 (Iowa 1999).

## III. Discussion.

■ We have long adhered to the general principle that postconviction relief proceedings are not an alternative means for litigating issues that were or should have been properly presented for review on direct appeal. *Osborn v. State*, 573 N.W.2d 917, 921 (Iowa 1998); *Collins v. State*, 477 N.W.2d 374, 377 (Iowa 1991); *Washington v. Scurr*, 304 N.W.2d 231, 235 (Iowa 1981); *see* Iowa Code § 822.2 (1997) (postconviction relief "is not a substitute for ... any remedy, incident to the proceedings in the trial court, or of direct review of the sentence or conviction"). Thus, we have consistently held that any claim not properly raised on direct appeal may not be litigated in a postconviction relief action unless sufficient reason or cause is shown for not previously raising the claim, and actual prejudice resulted from the claim of error. *Osborn*, 573 N.W.2d at 921; *Jones v. State*, 479 N.W.2d 265, 271 (Iowa 1991).

We acknowledge the source of this rule is not necessarily found in a single statute. *See Bugley v. State*, 596 N.W.2d 893, 896 n. 2 (Iowa 1999). Instead, it is derived from a combination of statutes, as well as several important principles which serve to provide a sense of symmetry to the judicial process. *Id.; see also Wenman v. State*, 327 N.W.2d 216, 217–18 (Iowa 1982) (postconviction relief not available to circumvent statutory requirements); *McElhaney v. Auger*, 238 N.W.2d 797, 798 (Iowa 1976) (postconviction relief proceedings not available to correct errors which could have been raised on direct appeal). The rule embodies several important societal interests, including the need to avoid a prolonged trial process; the need to avoid degradation to the prominence and impor-

tance of the original trial; the need to focus the attention of the prisoner on good behavior, rehabilitation, parole, and release; and the need to avoid retrials long after the commission of the crime. *Collins*, 477 N.W.2d at 377; *Polly v. State*, 355 N.W.2d 849, 855–56 (Iowa 1984).

■ The rule requiring claims to be raised at trial or on appeal, however, is not absolute. It is not applied if sufficient reason can be shown for not raising the claim at trial or on appeal. Yet, the circumstances which will permit an ineffective assistance of trial counsel claim to be raised for the first time in a postconviction relief petition are circumscribed. We have previously determined that ineffective assistance of appellate counsel may provide sufficient reason. *Jones*, 479 N.W.2d at 271. Furthermore, factual or legal matters which were excusably unknown at the time of the trial and appeal may be properly asserted on postconviction relief. *See Stanford v. Iowa State Reformatory*, 279 N.W.2d 28, 33–34 (Iowa 1979); *Edwards v. State*, 249 N.W.2d 851, 852 (Iowa 1977); *State v. Wetzel*, 192 N.W.2d 762, 764 (Iowa 1971).

■ In this case, Berryhill asserts he dismissed the appeal without raising the claims of ineffective assistance of trial counsel only after determining the trial record was insufficient to establish the claims on appeal. Thus, Berryhill argues the incomplete record constituted sufficient reason because without a proper record the appeal was frivolous, and a waste of judicial resources.

■ We recognize the trial record is often inadequate for appellate courts to resolve claims of ineffective assistance of trial counsel raised on direct appeal. *See State v. Allen*, 348 N.W.2d 243, 248 (Iowa 1984). Consequently, we often preserve ineffective assistance of counsel claims for postconviction relief proceedings to allow a record on the performance of trial counsel to be developed. *Scurr*, 304 N.W.2d at 235. Nevertheless, we have held that our

frequent preference to preserve ineffective assistance claims for postconviction relief does not alleviate the need to at least raise the claim on appeal. *Collins,* 477 N.W.2d at 376–77; *State v. White,* 337 N.W.2d 517, 519 (Iowa 1983). When all claims are raised on appeal, the proper course of action to resolve each claim can be judicially determined after an independent review of the record. Thus, we can decide the issue on the available record or preserve it for postconviction relief. Additionally, ineffective assistance claims can, at times, be resolved by appellate courts on direct appeal without the need to consider the conduct of trial counsel when the record reveals an absence of prejudice. *See State v. Hildebrant,* 405 N.W.2d 839, 841 (Iowa 1987) (defendant must demonstrate by a preponderance of evidence that counsel failed to perform an essential duty and prejudice resulted); *Gering v. State,* 382 N.W.2d 151, 154 (Iowa 1986) (when it is more efficient to dispose of an ineffective assistance claim by considering the prejudice prong, an appellate court will do so); *see also State v. Martens,* 569 N.W.2d 482, 487 (Iowa 1997) (no basis for ineffective assistance claim and no prejudice resulted). Thus, a trial record which is insufficient to judge the performance of counsel does not necessarily render the appeal of the claim frivolous. Furthermore, a rule which requires all claims to be raised on direct appeal is not necessarily inexpedient.

We acknowledge our recent decision in *Bugley* where a postconviction relief applicant established sufficient reason for failing to pursue a claim of ineffective assistance of trial counsel on direct appeal when the appeal was dismissed after court-appointed appellate counsel filed a motion to withdraw under Iowa Rule of Appellate Procedure 104 indicating the trial record had been reviewed and was inadequate to address the issue on direct appeal. *Bugley,* 596 N.W.2d at 898. In that case,

however, the procedure led to a dismissal of the case by court order. This procedure allowed us to review the record and consider the proper method to address the claim of ineffective assistance of counsel. *See White,* 337 N.W.2d at 519.

In this case, Berryhill voluntarily dismissed his appeal. *See* Iowa R.App. P. 12(f). This procedure deprived us of an opportunity to consider the grounds for the dismissal and any alternative disposition. *See White,* 337 N.W.2d at 519. Thus, Berryhill cannot rely on our holding in *Bugley* to raise his claims of ineffective assistance of trial counsel for the first time on postconviction relief.

## IV. Conclusion.

We conclude Berryhill failed to establish sufficient reason for failing to raise his claim of ineffective assistance of trial counsel on direct appeal. The need for the court to determine the adequacy of the record is too important to carve out an exception to the rule under our sufficient reason clause for cases where appellate counsel may have correctly decided that the claim of ineffective assistance of counsel was incapable of resolution in an appeal. Thus, we reaffirm our principle that postconviction relief is not available to litigate claims not raised on direct appeal, and emphasize that, although counsel should raise the issue of the adequacy of a record to decide a claim on appeal, appellate courts, not counsel, determine whether the record is inadequate to decide a claim presented on appeal.

**AFFIRMED.**