# IN THE COURT OF APPEALS OF IOWA

No. 13-0432
Filed May 14, 2014

**NICHOLAS TOLES,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Black Hawk County, Thomas N. Bower, Judge.


    Nicholas Toles appeals the denial of his application for postconviction relief. **AFFIRMED.**


    Kathryn J. Mahoney, Waterloo, for appellant.

    Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Kimberly Griffith, Assistant County Attorney, for appellee.


    Considered by Vogel, P.J., and Doyle, J., and Miller, S.J.*  Bower, J., takes no part.

    *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MILLER, S.J.**

Nicholas Toles appeals the denial of his application for postconviction relief. He contends his trial counsel was ineffective in allowing him to plead guilty and waive his right to file a motion in arrest of judgment because he did not knowingly and voluntarily enter his plea. Because Toles fails to show counsel breached a duty, we affirm.

## I. Background Facts and Proceedings.

Toles was eighteen years old on January 20, 2008, when he entered a Kwik Star convenience store with a friend, wearing a black hood over his head and a red bandana over his face.[1] With his hand in his pocket to appear as though he had a weapon, Toles demanded the store clerk empty the cash register drawer. The clerk was uncertain whether Toles was serious until Toles reached across the counter and punched him in the face. After making more demands for the money, Toles knocked everything off the counter and fled.

On January 25, 2008, Toles was arrested and charged with robbery in the second degree, in violation of Iowa Code sections 711.1 and 711.3 (2007), and criminal gang participation, in violation of section 723A.2. Toles entered a guilty plea to the robbery charge pursuant to *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 167, 27 L. Ed. 2d 162, 171 (1970), in exchange for dismissal of the criminal gang participation charge. After waiving his right to file a motion in arrest

---

[1] One of the other people who entered to the store with Toles later admitted to investigators to being a member of the Vice Lords street gang, and described how they are always seen wearing a red or black bandana.

of judgment, the court sentenced him to ten years in prison with a mandatory seventy percent to be served before he could be eligible for parole.

Two days later, Toles wrote letters to the court asking for a ninety-day "shock" and to withdraw his guilty plea because his attorney had lied to him about the consequences of pleading guilty. His direct appeal of the conviction was dismissed pursuant to Iowa Rule of Appellate Procedure 6.104.

In 2009, Toles filed an application for postconviction relief (PCR), alleging his trial counsel was ineffective in failing to inform him of the mandatory minimum sentence and in erroneously informing him of the possibility of reconsideration of his sentence. The district court denied the application after a hearing. Toles filed a timely notice of appeal.

## II.    Analysis.

Ordinarily, we review PCR actions for corrections of errors at law. *Berryhill v. State*, 603 N.W.2d 243, 244 (Iowa 1999). But where, as here, the defendant alleges constitutional error, our review is de novo. *Id.* at 244-45. In such cases we conduct our review "in light of the totality of the circumstances and the record upon which the postconviction court's rulings were made." *Perez v. State*, 816 N.W.2d 354, 356 (Iowa 2012).

In order to establish his claim of ineffective assistance of counsel, Toles must demonstrate his trial counsel failed to perform an essential duty and this failure resulted in prejudice. *See Lado v. State*, 804 N.W.2d 248, 251 (Iowa 2011). We may dispose of his ineffective-assistance claim if he fails to prove

either element by a preponderance of the evidence. *See State v. Cook*, 565 N.W.2d 611, 614 (Iowa 1997).

On appeal, Toles contends he did not knowingly and voluntarily plead guilty and waive his right to file a motion in arrest of judgment. He argues the plea colloquy elicited "only short answers to conclusory statements" and that the court made no inquiry into what he understood. Toles asserts he "did not understand the terms and consequences of his [guilty] plea."

The record of the plea hearing shows the district court did a careful and thorough job of identifying Toles's rights and explaining those rights and the consequences of waiving them. Before accepting his guilty plea, the district court made inquiry into his age, education level, ability to understand English, physical and mental health, and prescription medications. The court then outlined the rights Toles was waiving by pleading guilty, including his right to a speedy trial, his right to confront witnesses and present a defense, his right to an attorney, his right against self-incrimination, and his right to a trial by jury. Toles stated he understood these rights and agreed to waive them, along with any defenses he may have had.

The court also carefully explained the consequences of Toles's guilty plea by informing Toles of the penalties he faced by pleading guilty, including "a requirement that you be incarcerated" for "a 70 percent minimum or seven years." The court asked Toles if he was induced to plead guilty by any threats or promises, to which he answered "no." He also agreed he was satisfied with his attorney's representation.

After accepting Toles's plea, the court then asked Toles if he wished to give up his right to delay sentencing, his right to have a presentence investigation completed before sentencing, and his right to file a motion in arrest of judgment, explaining each of these rights in lay terms. With regard to waiving his right to file a motion in arrest of judgment, the court stated: "If you get sentenced today you can't file that motion, you can never take back your guilty plea and you will never have a trial." Toles stated he understood and agreed to waive his rights.

In his brief, Toles states he "believes he was lied to by his attorney" regarding the terms of the plea agreement. This bare allegation is insufficient to overcome statements made on the record during the plea colloquy. *See Wise v. State*, 708 N.W.2d 66, 71 (Iowa 2006).

The record of the personal colloquy between the court and Toles in the plea proceeding demonstrates that Toles knowingly and voluntarily entered his guilty plea. Accordingly, his trial counsel did not breach a duty in allowing him to plead guilty and to waive his right to a motion in arrest of judgment. On this basis, we affirm.

**AFFIRMED.**