**IN THE COURT OF APPEALS OF IOWA**

No. 13-1402
Filed October 15, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ALFRED J. PHILLIPS,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Des Moines County, Michael J. Schilling, Judge.

        Appeal from conviction of second-degree burglary.  **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Heather Quick, Assistant Attorney General, Patrick C. Jackson, County Attorney, and James Carter, Assistant County Attorney, for appellee.

        Considered by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**MCDONALD, J.**

Alfred Phillips appeals his conviction for burglary in the second degree, in violation of Iowa Code sections 713.1 and 713.5 (2013). Phillips contends his attorney rendered constitutionally ineffective assistance by failing to challenge the sufficiency of the evidence to establish the identity of the burglar. He also contends the district court (1) applied the wrong standard in ruling on his motion for new trial, and (2) abused its discretion in denying the motion for new trial. We affirm Phillips' conviction.

In the early morning hours of March 25, 2013, police responded to a report of a residential burglary. At the scene, officers found a broken window where the burglar gained entry into the residence. They also found footprints in the newly-fallen snow leading away from the backdoor of the residence where the burglar exited. The police followed the unbroken trail of footprints to another residence. The footprints continued away in an unbroken trail from that residence to the backdoor of another residence where the footprint trail terminated. The authorities staked out this residence for several hours until they were able to obtain and execute a search warrant. Upon executing the warrant, the authorities found Phillips hiding in the cabinet under the kitchen sink. The police also discovered size six-and-one-half boots hidden behind shelving in the basement. The soles of the small boots exactly matched the size and tread pattern of the small footprints left in the snow.

The State charged Phillips with two counts of burglary, each count corresponding to the first two residences above-referenced. At trial, at the close

of the State's evidence, Phillips' attorney moved for judgment of acquittal based on the State's "failure to make a prima facie case," specifically "there [was] no evidence given relative to the intent" of Phillips. The court denied the motion. At the close of all evidence, Phillips' attorney renewed the motion on the ground "that really there's almost no evidence of or relating to intent." The court denied the motion and submitted the case to the jury. The jury found Phillips guilty of second-degree burglary related to the first residence and not guilty related to the second. Phillips' attorney filed motions for new trial and in arrest of judgment. Both motions alleged "the basis for this motion includes, but is not limited to insufficiency of the evidence and verdict inconsistent with the evidence." The court denied both motions.

On appeal, Phillips first contends his trial attorney was ineffective "for failing to properly raise [sufficiency of the evidence of identity] with the district court." Ineffective assistance of counsel claims are reviewed de novo. *Everett v. State*, 789 N.W.2d 151, 158 (Iowa 2010). Ordinarily, ineffective assistance claims are best resolved in postconviction proceedings to enable development of a complete record and to give trial counsel an opportunity to respond to the claim. *Berryhill v. State*, 603 N.W.2d 243, 245 (Iowa 1999). However, an ineffective assistance claim premised on the failure of an attorney to challenge the sufficiency of the evidence can be decided on direct appeal. *See State v. Scalise*, 660 N.W.2d 58, 62 (Iowa 2003). To prevail, Phillips must show: "(1) counsel failed to perform an essential duty and (2) prejudice resulted." *See State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). Failure to prove either element is

fatal to the claim. *State v. Fountain*, 786 N.W.2d 260, 266 (Iowa 2010). If the verdict here is not supported by substantial evidence of identity, then Phillips' attorney breached a duty by failing to raise the issue. *See State v. Truesdell*, 679 N.W.2d 611, 616 (Iowa 2004). If, however, substantial evidence of identity supports the verdict, then Phillips' claim fails for lack of prejudice. *See id.*

In reviewing the sufficiency of the evidence, we view the evidence "in the light most favorable to the State, including legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence." *See State v. Quinn*, 691 N.W.2d 403, 407 (Iowa 2005). Evidence supporting the verdict is substantial if "it would convince a rational fact finder that the defendant is guilty beyond a reasonable doubt." *State v. Johnson*, 770 N.W.2d 814, 823 (Iowa 2009).

We conclude there is substantial evidence supporting the verdict. The police discovered clear, distinctive footprints in the newly-fallen snow just outside the broken window of the first residence. The footprints led from the backdoor of that residence for several blocks in an unbroken trail to Phillips' residence and then terminate. The evidence showed the footprints were left approximately fifteen minutes prior to the police arriving at the scene. Police surrounded Phillips' residence until they obtained a search warrant to enter. No one entered or left the residence while the police were outside. When the police executed the warrant at the residence, Phillips was the only person inside. The police found him hiding under the kitchen sink. Boots exactly matching the pattern and size of the small footprints from the burgled house to Phillips's residence were

discovered hidden in the basement. The evidence showed that Phillips shoe size was within one-half size of the small boots found in his residence. From these facts the jury could infer the burglar was inside the residence at which the police executed the warrant and that Phillips was the burglar. Because the verdict is supported by substantial evidence, Phillips cannot demonstrate prejudice, and his claim fails.

Phillips next contends the court applied the wrong standard when ruling on his motion for new trial. The State contends error was not preserved because the basis alleged in the motion was "insufficiency of the evidence and verdict inconsistent with the evidence." Pursuant to Iowa Rule of Criminal Procedure 2.24(2)(b)(6), a court has discretion to grant a new trial "[w]hen the verdict is contrary to law or evidence." Our supreme court clarified that standard in *State v. Ellis*, 578 N.W.2d 655, 658-59 (Iowa 1998) (stating a court may grant a new trial if the court concludes "that the verdict is contrary to the weight of the evidence"). Phillips did not cite to the rule or to *Ellis* in his written motion or during argument on the motion. *See State v. Thompson*, 836 N.W.2d 470, 491 (Iowa 2013). He did not assert the verdict was contrary to the weight of the evidence. *See id.* We agree with the State that Phillips did not preserve error.

Even if Phillips had preserved error, his claim fails because the record shows the court applied the correct standard when ruling on Phillips' motion for new trial. During the hearing, the court stated, "I'm convinced under the standard that's set out in *State v. Ellis*, that there was substantial credible evidence by which a jury could find beyond a reasonable doubt that each of the elements

necessary to convict you . . . existed." In its written ruling, the court found "that substantial, credible evidence exists to support the jury verdict. The verdict was not contrary to the weight of the evidence. *State v. Ellis*, 578 N.W.2d 655 (Iowa 1998); *Nguyen v. State*, 707 N.W.2d 317, 327 (Iowa 2005)."

Finally, Phillips contends the court erred in denying his motion for new trial. A district court may grant a new trial when the verdict is contrary to the weight of the evidence. *Ellis*, 578 N.W.2d at 658-59. This standard requires the court to determine whether "a greater amount of credible evidence supports one side of an issue or cause than the other." *Id.* at 658. On appeal, our review "is limited to a review of the exercise of discretion by the trial court, not the underlying question of whether the verdict is against the weight of the evidence." *See State v. Reeves*, 670 N.W.2d 199, 203 (Iowa 2003).

To prevail on this claim, Phillips must demonstrate the court "exercised its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *See id.* at 202. Only in an extraordinary case, where the evidence preponderates heavily against the verdict, should a district court lessen the jury's role as the primary trier of fact and invoke its power to grant a new trial. *State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006). Granting a new trial based on a determination the verdict is against the weight of the evidence "is reserved for those situations in which there is reason to believe that critical evidence has been ignored in the fact-finding process." *State v. Grant*, 722 N.W.2d 645, 649 (Iowa 2006).

Most of Phillips' argument consists of identifying other evidence the State should have presented to make its case stronger. For example, Phillips' contends the State should have submitted fingerprint evidence to the jury. The only evidence he identifies that could conflict with the jury's verdict is the report of an attempted burglary during the time police had Phillips surrounded in his residence. There was some indication footprints found at the scene were the same as those the police followed to Phillips's residence. There was, however, conflicting evidence regarding whether this burglary occurred prior in the evening and was only reported to the authorities at a later time. In any event, the district court was aware of the evidence at trial, assessed it, reviewed the entire record, applied the correct *Ellis* standard to its review, and concluded the greater weight of the evidence supported the jury's verdict. While there may have been one piece of potentially exculpatory evidence, the district assessed that evidence. The district court did not abuse its discretion in denying Phillips's motion.

For the foregoing reasons, we affirm the defendant's conviction and sentence.

**AFFIRMED.**