# IN THE COURT OF APPEALS OF IOWA

No. 16-1876
Filed October 11, 2017

**FREDDIE RENIER,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____


Appeal from the Iowa District Court for Scott County, Marlita A. Greve, Judge.


Freddie Renier appeals from the denial of his application for postconviction relief. **AFFIRMED.**


Stuart G. Hoover of Blair & Fitzsimmons, P.C., Dubuque, for appellant.

Freddie Renier, Fort Madison, pro se appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee State.


Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**DANILSON, Chief Judge.**

Freddie Renier appeals from the denial of his application for postconviction relief (PCR). Having failed to establish sufficient reason or cause for not previously raising the claims, Renier cannot now challenge the sufficiency of the evidence supporting his convictions.

On direct appeal from his convictions for robbery in the first degree and assault while participating in a felony, Renier contended there was insufficient evidence to prove he committed a theft or had the intent to commit a theft, an element of both convictions. *See State v. Renier*, No. 10-0993, 2012 WL 3590047, at *1 (Iowa Ct. App. Aug. 22, 2012). In that decision, this court set out the elements the State was required to prove to establish robbery in the first degree, the third element being that the "defendant was armed with a dangerous weapon." *Id.* at *2. We observed,

> Renier admitted that he brandished a knife in a threatening manner; thus, the third element is not in dispute. Renier also admits to stabbing [the victim]. However, he disputes that he had the specific intent to commit a theft or that he committed the assault to carry out that intention.

*Id.*

We also rejected Renier's claim that there was insufficient evidence he had the specific intent to commit a theft or that he committed an assault to carry out that intention. There, we observed:

> Renier admits to brandishing a knife and stabbing [the victim]; he merely denies he was participating in the crime of theft at the time of the assault.[1] As we conclude sufficient evidence supports the jury's conclusion that Renier had the specific intent to

---

[1] Renier testified at the PCR trial, "I just don't understand how they can take all this and make it into something that it wasn't when we only had an altercation. We had a fight."

> commit a theft when he dispossessed [the victim] of his necklace, we also conclude sufficient evidence supports the jury determination that Renier is guilty of assault while participating in felony theft in the first degree.

*Id.* at *3.

Renier then filed this PCR application. He asserted his convictions for robbery in the first degree and assault while participating in a felony are not supported by sufficient evidence that he was armed with a "dangerous weapon." He contended the evidence does not establish the pocket knife he used to stab the other person involved in the altercation was a "dangerous weapon" per se or that the injury inflicted constituted a "serious injury." In his pro se brief, Renier asserts trial counsel was ineffective because he "neglected to effectively recognize and or argue meritorious issues, and failed to object or file motion to correct erroneous charges; erroneous charging instruments; erroneous jury instructions; erroneous arguments, etc., throughout entire trial process." He also contended appellate counsel wrongly advised him that he could not file a pro se brief on appeal.

We ordinarily review PCR proceedings for correction of errors at law. *Nguyen v. State*, 878 N.W.2d 744, 750 (Iowa 2016). However, when an applicant raises constitutional claims, such as claims of ineffective assistance of counsel, we apply a de novo review. *See id.*

We first note that at the PCR trial, Renier testified that his complaints were basically a reiteration of the issues raised by his trial counsel in his motion in

arrest of judgment and request for new trial.[2]  In *Everett v. State*, 789 N.W.2d

151, 156 (Iowa 2010), our supreme court stated,

> We have long held that postconviction relief proceedings "are not an alternative means for litigating issues that were *or should have been properly presented for review on direct appeal*." [*Berryhill v. State*, 603 N.W.2d 243, 245 (Iowa 1999)]; *see also* Iowa Code § 822.2(2) [(2011)] (postconviction relief "is not a substitute for . . . any remedy, incident to the proceedings in the trial court, or of direct review of the sentence or conviction").  "Thus, we have consistently held that any claim not properly raised on direct appeal may not be litigated in a postconviction relief action unless sufficient reason or cause is shown for not previously raising the claim, and actual prejudice resulted from the claim of error."  *Berryhill*, 603 N.W.2d at 245.

(Emphasis added.)

Renier asserts his specific claims were not made and addressed on

appeal, and therefore, they are not barred by the principle of res judicata.[3]  But

the specific factors of res judicata are not at issue.  Section 822.2 clearly states

that a PCR proceeding is not a substitute for direct review.  The claims Renier

makes in this PCR proceeding could have and should have been raised on direct

appeal.  Thus, section 822.2 prohibits him from raising them here unless Renier

can establish "sufficient reason or cause" for not raising them previously and

"actual prejudice resulted."  *See Berryhill*, 603 N.W.2d at 245.

Ineffective assistance of counsel can provide that reason.  *See Everett*,

789 N.W.2d at 156.  "To succeed on an ineffective-assistance-of-counsel claim, a

---

[2] Renier's counsel asked: "I think where we'll start, because you indicated this to me as we talked about this, you want to reassert all of those errors that were alleged by your attorney, Harlan Giese, in the motion in arrest of judgment request for new trial, correct?" Renier responded, "Yes," and then read his complaints.

[3] While the PCR court noted the principle of res judicata, it also stated, "All of the issues raised in Renier's motion in arrest of judgment or for a new trial were essentially addressed in his insufficient evidence arguments and evidentiary objections [on direct appeal]." Nonetheless, the court went on to address five specific additional arguments made, found them to be without merit, and dismissed the PCR petition.

defendant must show: '(1) counsel failed to perform an essential duty; and (2) prejudice resulted.'" *Id.* at 158 (citation omitted).

Renier raises the issue of ineffective assistance in his pro se brief.[4] But the PCR court made no findings on such a claim. *See Boyle v. Alum-Line, Inc.*, 710 N.W.2d 741, 751 n.4 (Iowa 2006) ("When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal."); *see also Lamasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012) (stating "the preservation of error rule 'requires a party seeking to appeal an issue presented to, but not considered by, the district court to call to the attention of the district court its failure to decide the issue.'" (quoting *Meier v. Senecaut*, 641 N.W.2d 532, 540 (Iowa 2002))). Because no ruling was sought from the district court, the ineffectiveness claim is not preserved for our review. *See Meier*, 641 N.W.2d at 537 ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). We therefore affirm.

**AFFIRMED.**

---

[4] Renier did not call trial counsel or appellate counsel to present testimony at the PCR hearing on why the sufficiency claims he makes now were not made on appeal.