# IN THE COURT OF APPEALS OF IOWA

No. 20-0362
Filed December 15, 2021

**NATHAN PAUL VALIN,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, William P. Kelly, Judge.

The applicant appeals the district court decision denying his request for postconviction relief. **AFFIRMED.**

Nathan A. Mundy of Mundy Law Office, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

Nathan Valin appeals the district court ruling that denied his request for postconviction relief (PCR). Valin argues he is entitled to PCR as he could not anticipate a change in the law and he was improperly stopped by an Iowa Department of Transportation (DOT) motor vehicle enforcement officer who did not have authority to stop vehicles or make arrests for violations of traffic regulations. Valin asserts is entitled to a retroactive application of *State v. Werner*, 919 N.W.2d 375 (Iowa 2018). We affirm the denial of Valin's application for PCR.

## I. Background Facts & Proceedings

On July 13, 2016, Officer Brian Rink, a motor vehicle enforcement officer for the DOT, was driving a marked DOT vehicle when he was passed by a motorcycle traveling at a high speed. Officer Rink stopped the vehicle and noticed the driver, Valin, had an odor of an alcoholic beverage and bloodshot, watery eyes. He tested above the legal limit for alcohol. Valin was charged with operating while intoxicated (OWI), second offense, in violation of Iowa Code section 321J.2 (2016).

Valin filed a motion to suppress, claiming Officer Rink did not have authority to stop him for a traffic matter. The district court denied the motion, finding:

> Although [DOT peace officers] have limited authority, that does not prevent a DOT officer from taking action if a crime is committed in their presence. *See* Iowa Code [§] 804.9. Nothing prevents the DOT officers from acting as a concerned citizen even while they are on duty. The Defendant was speeding 91 in a 60 m.p.h. zone on an interstate highway. This was not just a traffic violation but a clear threat to the safety of the general public. Officer Risk testified that he stopped the Defendant for speeding and for safety reasons. If Risk failed to take some action there could have been an accident.

Following the court's ruling, Valin waived his right to a jury trial and stipulated to a trial on the minutes of testimony. He was convicted of OWI, second

offense. On April 3, 2017, Valin was sentenced to a term of imprisonment not to exceed two years, with all but thirty days suspended. He was thereafter placed on probation. Valin did not appeal the denial of his motion to suppress or his conviction.

On October 19, 2018, the Iowa Supreme Court decided *Werner*, which held that a DOT motor vehicle enforcement officer did not have authority to stop vehicles or make arrests for violations of traffic regulations.[1] 919 N.W.2d at 378. The court found these officers' authority was "strictly limited by the Iowa Code to inspecting for registration, weight, size, load and safety violations." *Id.* at 379 (citation omitted). The court also rejected the State's argument that the officer had conducted a citizen's arrest, noting the officer "made the stop as part of his official duties, not as a 'private person.'"[2] *Id.*

On April 25, 2019, Valin filed a PCR application, requesting the court reopen his criminal case and remand for reconsideration of his motion to suppress in light of the Iowa Supreme Court's ruling in *Werner*, which he claimed should be retroactively applied. The district court denied his PCR application. The court found PCR cases are "not a means for relitigating claims that were or should have

---

[1] The Iowa Supreme Court determined in *Rilea v. Iowa Department of Transportation*, that DOT officers have authority to stop motorists for suspected violations of chapter 321J. 919 N.W.2d 380, 388 (Iowa 2018). This authority, however, does not apply if the officer does not suspect the driver may be driving while intoxicated. *Werner*, 919 N.W.2d at 380. The evidence in the present case shows Valin was stopped for speeding, not because the officer suspected he was impaired and, thus, this case does not involve the officer's authority under chapter 321J. *See id.*

[2] The court left open the question of whether motor vehicle enforcement officers could make vehicle stops for safety purposes because it found the facts of the case did not come within the community-caretaking doctrine. *Werner*, 919 N.W.2d at 378.

been properly presented on direct appeal." The court determined Valin did not show sufficient reason for not raising an issue concerning the authority of a motor vehicle enforcement officer to stop his vehicle in a direct appeal, as he had raised the issue in his motion to suppress. The district court also determined the *Werner* decision could not be applied retroactively. Valin appeals the district court's decision.

## II.     Standard of Review

"We generally review the denial of an application for [PCR] for correction of errors at law." *Sauser v. State*, 928 N.W.2d 816, 818 (Iowa 2019). "However, our review is de novo when the basis for [PCR] implicates a constitutional violation." *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019). We "can affirm the district court decision on any ground argued below and urged on appeal by the appellee, even if the court below did not reach that issue." *Jones v. State*, 938 N.W.2d 1, 2 (Iowa 2020).

## III.     Discussion

Valin asks the court to reopen his criminal case under section 822.2(1)(g) (2019). This section provides that a person may file a PCR application if "[t]he conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error formerly available under any common law, statutory or other writ, motion, petition, proceeding, or remedy, except alleged error relating to restitution, court costs, or fees under section 904.702 or chapter 815 or 910."

Section 822.2(2) states:

> This remedy is not a substitute for nor does it affect any remedy, incident to the proceedings in the trial court, or of direct review of the sentence or conviction. Except as otherwise provided

in this chapter, it comprehends and takes the place of all other common law, statutory, or other remedies formerly available for challenging the validity of the conviction or sentence. It shall be used exclusively in place of them.

Under section 822.2, PCR proceedings "are not an alternative means for litigating issues that were or should have been properly presented for review on direct appeal." *Berryhill v. State*, 603 N.W.2d 243, 245 (Iowa 1999). "Thus, we have consistently held that any claim not properly raised on direct appeal may not be litigated in a [PCR] action unless sufficient reason or cause is shown for not previously raising the claim, and actual prejudice resulted from the claim of error." *Id.*; *see also Renier v. State*, No. 16-1876, 2017 WL 4570480, at *2 (Iowa Ct. App. Oct. 11, 2017). When an issue has not been raised in a direct appeal, and no reason for failing to raise the issue has been shown, the issue may not be litigated in a PCR proceeding. *See Staples v. State*, No. 10-1616, 2013 WL 988907, at *4 (Iowa Ct. App. Mar. 13, 2013). Valin does not allege his trial counsel was ineffective for failing to challenge the denial of his suppression motion, citing *Millam v. State*, 745 N.W.2d 719, 723 (Iowa 2003), and relying on the general standard that attorneys are not required to anticipate a change in the law.

There is an exception in PCR cases for issues based upon "factual or legal matters which were excusably unknown at the time of the trial and appeal."[3] *Nguyen v. State*, 707 N.W.2d 317, 323 (Iowa 2005) (quoting *Berryhill*, 603 N.W.2d

---

[3] A claim of ineffective assistance of counsel is also an exception to the rules of error preservation. *Everett v. State*, 789 N.W.2d 151, 156 (Iowa 2010). Valin does not claim that his failure to raise the issue concerning the authority of a motor vehicle enforcement officer to stop his vehicle on direct appeal was due to ineffective assistance of counsel.

at 245). There must be a showing of actual prejudice resulting from the failure to previously raise the issue. *Jones v. State*, 479 N.W.2d 265, 271 (Iowa 1991).

Valin claims he could not have raised the issue concerning the authority of a motor vehicle enforcement officer to stop his vehicle in a direct appeal after he was sentenced on April 3, 2017, because *Werner* was not decided until October 19, 2018. He contends that the issue comes within the error-preservation exception for "factual or legal matters which were excusably unknown at the time of the trial and appeal." *See Nguyen*, 707 N.W.2d at 323. Lastly, Valin argues he is entitled to retroactive application of the *Werner* holding. We address the retroactivity of *Werner*, as it is dispositive to Valin's appeal.

"[T]he threshold question in considering whether federal due process requires a judicial decision be applied to postconviction relief proceedings is whether the decision is substantive or procedural." *Goosman v. State*, 764 N.W.2d 539, 542 (Iowa 2009) (citing *Schriro v. Summerlin*, 542 U.S. 348, 352–53 (2004)). "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." *Schriro*, 542 U.S. at 353; *accord Montgomery v. Louisiana*, 577 U.S. 190, 198 (2016) (quoting *Penry v. Lynaugh*, 492 U.S. 302, 330 (1989)*, abrogated on other grounds by Atkins v. Virginia*, 536 U.S. 304, 314–21 (2002)) ("Substantive rules include 'rules forbidding criminal punishment of certain primary conduct,' as well as 'rules prohibiting a certain category of punishment for a class of defendants because of their status or offense.'").[4]

---

[4] While *Montgomery* relied on a "watershed provision," the United States Supreme Court later held that there are no exceptions for watershed rules to the principle

The *Werner* court held motor vehicle enforcement officers are prohibited from effectuating a citizen's arrest while acting in their official capacity. This holding cannot be interpreted as "forbidding criminal punishment of certain primary conduct," nor is it a rule "prohibiting a certain category of punishment for a class of defendants because of their status or offense." *Montgomery*, 577 U.S. at 198. Valin does not argue he was not speeding or that he was not intoxicated. If Valin had been stopped and arrested by a law enforcement officer, such as a deputy or state trooper, his conviction would have been permissible even after *Werner*. When a rule affects the conduct of the police, not defendants, it is procedural, not substantive. *Cf. Garcia v. Comm'r of Corr.*, 84 A.3d 1, 6–7 (Conn. App. Ct. 2014) (finding a judicial opinion to be not substantive because it "applie[d] to the conduct of police" and because "it does not narrow the conduct or class of persons punishable pursuant to a criminal statute"). We determine that the decision announced by the *Werner* court clarified a procedural rule rather than a substantive rule. Accordingly, Valin's claim fails. *See Goosman*, 764 N.W.2d at 542.

## IV. Conclusion

Valin is not entitled to a retroactive application of *Werner*. We affirm the denial of Valin's PCR application.

**AFFIRMED.**

---

that new constitutional rules of criminal procedure ordinarily do not apply retroactively on federal collateral review. *Edwards v. Vannoy*, 141 S.Ct. 1547, 1560 (2021).