# IN THE COURT OF APPEALS OF IOWA

No. 22-0220
Filed February 22, 2023

**TANNER DOIAL WICKAM,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Jeffrey Farrell, Judge.


The applicant appeals the district court's dismissal of his petition for postconviction relief. **AFFIRMED.**



Christopher Kragnes, Sr., Des Moines, for appellant.

Brenna Bird, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee State.


Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

Tanner Wickam appeals the denial of his postconviction-relief (PCR) application, in which he claimed his guilty plea in his criminal proceeding was not voluntary because of threats made by a family member of a victim. We affirm the district court's denial of his PCR application.

## I. Background Facts & Proceedings

Wickam's original conviction was based on an altercation that occurred after two individuals, an engaged couple, required Wickam to vacate their home. Wickam later confronted the pair. Wickam assaulted the male victim, tearing the male victim's anterior cruciate ligament. Wickam was arrested and charged with stalking and willful injury, but he was released pending trial. A no-contact order prohibited him from contacting either victim. Wickam promptly violated that order.

On May 30, 2019, Wickam tried to give money to the victims through one of the victim's father. Neighbors called law enforcement and reported a possible fight, but by the time the police arrived, Wickam had left the area. Law enforcement took a statement from the father. The State filed a contempt charge for violating the no-contact order. Following hearing, Wickam spent fourteen days in jail. After his release, Wickam broke into the victims' home on July 13. The State filed another contempt action. Wickam was also charged with second-degree burglary and additional stalking charges.

Wickam vacillated on whether he would accept a plea deal. He believed the potential sentence for the willful injury charge was excessive. He also wanted to avoid prison time and a felony conviction because that would impede his access to firearms. He also stated he did not want to make the victims go through a trial.

On July 29, Wickam pled guilty to willful injury. In return for the guilty plea, the State agreed to dismiss the burglary charge, multiple stalking charges, and the contempt charge. After Wickam clarified he would accept the plea deal, the court took a forty-minute recess to attend to a different matter, then again clarified if Wickam wanted to plead guilty. After conducting the plea colloquy, during which Wickam agreed his plea was voluntary, Wickam was convicted of willful injury, a class "C" felony, in violation of Iowa Code section 708.4(1) (2019). Wickam waived his right to a delayed sentencing hearing and was sentenced the same day as his guilty plea. Wickam did not move in arrest of judgment. He filed a direct appeal but voluntarily dismissed such appeal in December 2019.

Wickam later filed a pro se PCR application. In it, he alleged his guilty plea was not knowing and voluntary.[1] After holding an evidentiary hearing that included testimony from Wickam, his trial counsel, and an affidavit by the father of one of the victims, the court dismissed Wickam's application, finding his plea was voluntary. Wickam appeals.

**II.     Discussion**

Wickam claims his guilty plea was not made knowingly and voluntarily, in violation of his due process rights. He claims his family was threatened, forcing him to take the plea to protect his brother and mother. We normally review PCR proceedings for the correction of errors at law. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). When the applicant asserts constitutional claims, our review is

---

[1] Counsel for Wickam subsequently amended the application. The amended application alleged the same facts and claims.

de novo. *Id.* "[W]e give weight to the lower court's findings concerning witness credibility." *Id.*

While Wickam's amended application alleged ineffective assistance of counsel for failure to file a motion in arrest of judgment, he abandoned that argument on appeal. *See State v. Hanes*, 981 N.W.2d 454, 461 (Iowa 2022) (highlighting applicant's access to PCR proceedings if alleging constitutionally deficient advice of counsel in pleading guilty and forgoing a motion in arrest of judgment). Wickam's briefing states that he is not alleging that his trial counsel was ineffective. Wickam asserts, "This is not a typical post-conviction relief matter. This is not a claim against trial counsel for being ineffective, but a constitutional claim that a plea of guilty was not voluntary based on threats by the victim's father."

The State urges us to affirm because Wickam failed to move in arrest of judgment. *See* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."); *see also* Iowa Code § 822.8 (precluding an applicant from raising claims that were waived at the trial level). The State raised this issue in answer to Wickam's application although the district court did not base the dismissal on this ground. We can affirm the district court on any alternative basis brought before the district court even if the court did not rule on it. *See State v. Maxwell*, 743 N.W.2d 185, 192 (Iowa 2008) ("We are obligated to affirm on appeal where any proper basis appears for a trial court's ruling, even though it is not one upon which the court based its holding." (citation omitted)).

Iowa Code section 822.2 makes clear that a postconviction relief action is "not a substitute for . . . direct review of the sentence or conviction." *Accord Berryhill v. State*, 603 N.W.2d 243, 245 (Iowa 1999). Wickam's claims in the PCR action are a seemingly end-round attack of his plea. Given Wickam's acknowledgment that he is not alleging ineffective assistance of counsel but challenging the voluntary nature of his plea, we determine the dismissal of Wickam's application was appropriate.

And even if we were to consider Wickam's statement in his amended application that his counsel was ineffective in failing to file a motion in arrest of judgment, we agree with the district court's assessment. Wickam claims that after arriving to the home of the father of one of the victims to drop off money, the father became violent, spitting in his face and threatening to harm Wickam's family if he did not go to prison. The father's affidavit—offered into evidence by Wickam—indicated that Wickam refused to leave the property, leading him to believe Wickam was trying to provoke him. The affidavit was unequivocal: "I did not make threats against [Wickam] or his family. There was no physical confrontation."

The court ultimately concluded that Wickam's assertions were not credible. We give weight to that determination. *See Ledezma*, 626 N.W.2d at 141. It is also well supported by the record. The father's affidavit is largely corroborated by the police report. Wickam did not inform his attorney, therapist, or the court of the purported threats. His counsel had no knowledge of any of Wickam's new claims concerning the threats. Further, the timeline of events does not support his contentions. Wickam did not plead guilty until nearly two months after his confrontation with the victim's father. In the interim, Wickam made further contact

with the victims and, in doing so, he gained several more charges. Those charges added a significant amount of potential prison time and diminished his hopes of avoiding a felony conviction and retaining his right to firearms. As his counsel testified at the PCR hearing, Wickam did not have any valid defenses and the evidence against him was strong. The risk of lengthy prison time and the slim chance of acquittal on any of the charges offers a far more credible reason for Wickam's decision to plead guilty. We affirm the denial of the PCR application.

**AFFIRMED.**