# IN THE COURT OF APPEALS OF IOWA

No. 24-0362
Filed June 18, 2025

**CURTIS CORTEZ JONES,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Johnson County, Justin Lightfoot, Judge.

A postconviction applicant appeals the denial of relief. **AFFIRMED.**

Kent A. Simmons, Bettendorf, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered without oral argument by Ahlers, P.J., and Badding and Buller, JJ.

**BULLER, Judge.**

Curtis Jones appeals from the denial of his application for postconviction relief.  He claims there were disputed material facts regarding whether counsel was ineffective in developing a record on what he alleges was systematic exclusion of African American jurors in violation of the Iowa Constitution, based on information in a remand transcript from another case.  We affirm.

## I.      Background Facts and Proceedings

A Polk County jury, on change of venue from Johnson County, found Jones guilty of first-degree murder.  We conditionally affirmed his conviction on direct appeal and remanded to allow Jones to make additional record on the racial composition of the jury in light of recent developments in the case law.  *See State v. Jones*, No. 19-0494, 2020 WL 3264377, at *9–10 (Iowa Ct. App. June 17, 2020).  In addressing Jones's assertion of his right to "an impartial jury drawn from a fair cross-section of the community," we specifically held that to obtain relief on remand, Jones had to prove "not only a lack of fair and reasonable representation in the jury pool, but also systematic exclusion."  *Id.* at *8–9.  In doing so, we referenced the second and third prongs of the test adopted by the United States Supreme Court in *Duren v. Missouri*, 439 U.S. 357, 364 (1979).

On remand, Jones (through counsel) presented testimony from a county jury clerk.  She testified regarding how the master jury list is compiled but could not offer specifics on information like demographics.  The district court denied Jones's claim under the Sixth Amendment, finding he did not establish sufficient variance between the actual and expected number of African American jurors in

Jones's pool to sustain his claim. Jones filed a notice of appeal from the remand but voluntarily dismissed his appeal before it was briefed.

Jones filed this application for postconviction relief, which ultimately focused on whether counsel was ineffective when presenting the fair cross-section claim by not presenting evidence establishing systematic exclusion and not pursuing a claim under the Iowa Constitution. After some motion practice, Jones submitted the transcript of the remand hearing in *State v. Veal* as an evidentiary exhibit, claiming it supplied a basis to prove systematic exclusion. *See* 972 N.W.2d 728, 732 (Iowa 2022) (describing testimony about jury management software and practices). The State moved for summary disposition, which the postconviction court granted.

The postconviction court reasoned that Jones had not generated a fact question on systematic exclusion. Specifically, the court found Jones had not "introduce[d] any evidence about the possible causes of underrepresentation of African Americans in his jury pool" or alleged any "precise point in the jury selection process that may plausibly have caused the exclusion of African American jurors." The court pointedly noted that the very evidence Jones claimed counsel was ineffective for not presenting in his own earlier remand was "also missing at this stage in the [postconviction relief] action, which has now been pending for over two years." And the court found that, absent Jones developing facts and evidence that would support a systematic-exclusion claim, he could not prove breach of essential duty or the reasonable probability of a different outcome. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Jones appeals.

## II. Standard of Review

We review a postconviction summary-disposition ruling for correction of errors at law. *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019). Summary disposition is the "put up or shut up moment" in postconviction litigation, when an applicant "must show what evidence [he] has that would convince a trier of fact to accept [his] version of the events." *Armstrong v. State*, No. 21-1132, 2022 WL 2824750, at *4 (Iowa Ct. App. July 20, 2022) (quoting *Slaughter v. Des Moines Univ. Coll. of Osteopathic Med.*, 925 N.W.2d 793, 808 (Iowa 2019)). To the extent the underlying merits of any ineffective-assistance claims are before us, we review de novo. *Goode v. State*, 920 N.W.2d 520, 523 (Iowa 2018).

## III. Discussion

Jones alleges two errors in the postconviction ruling: first, that there were disputed material facts; and second, that the court erred in assessing the claim through the lens of ineffective assistance rather than the underlying merits of a state constitutional claim. We consider each.

First, after careful review of the record and the appellate briefs, we aren't sure what material facts Jones thinks are disputed. He admitted all of the material facts pled by the State. He relied on "[t]he evidence in *Veal II*" (the remand transcript) to prove his claim and only alleged he would offer "similar evidence" at the postconviction trial, as confirmed by his witness list which parenthetically indicated the *Veal* remand transcript was the basis for all of the relevant designated

witnesses' testimony on jury composition.[1]  For its part, the State did not object to consideration of the *Veal* remand transcript and even cited it.  In other words, both the State and Jones agreed on the record below and the material facts.  All that was left was for the court to apply the law—the very purpose of summary disposition.  Iowa Code § 822.6(2) (2023).

Second, we discern no error in the postconviction court analyzing the state-constitution claim through the lens of ineffective assistance.  That's the only way the claim could be raised in postconviction litigation since error was not preserved at Jones's remand hearing or on direct appeal.  *See id.* § 822.8; *Berryhill v. State*, 603 N.W.2d 243, 245 (Iowa 1999); *Osborn v. State*, 573 N.W.2d 917, 921 (Iowa 1998).

It's unclear whether Jones's appellate brief really challenges the underlying merits of whether he was owed relief or instead just whether summary disposition was appropriate.  To the extent the merits were decided below or are before us now on appeal, we affirm.  Jones admits that he planned to offer "almost all of the same witnesses" and evidence from the *Veal* transcript at his postconviction trial. He nonetheless suggests the evidence was sufficient to prove counsel breached an essential duty by not raising an Iowa Constitution claim and that there was a reasonable probability of a different outcome.  We cannot agree.  As a threshold matter, the *Veal* remand concerned jury-composition practices from before December 2018, while Jones was tried in January 2019, after substantial changes

---

[1] The only other witnesses were Jones himself, his attorneys, and the new state court administrator.  The previous state court administrator left the post after the *Veal* remand, and he was listed as a witness with the parenthetical.

were made. *See Veal*, 972 N.W.2d at 732 (noting these changes based on the previous court administrator's testimony). So, even if there was systematic exclusion in selection of the jury at Veal's trial, this would not prove systematic exclusion in Jones's trial. *See id.* at 734–36 (declining to address Veal's systematic-exclusion claim because he had not proved the second prong—that representation in the jury pool was not fair and reasonable). Moreover, this record lacks meaningful information about Polk County jury practices, which would be necessary for Jones to prove up a state-constitution claim.

Last, we highlight this passage from the State's appellate brief, which points out the deficiencies it perceives in the facts as agreed to by Jones and the State, and how there is not enough factual development to meaningfully engage in a systematic-exclusion analysis:

> The State would respond to Jones's allegation of systematic exclusion with more specificity, if it could. But Jones has never identified a particular theory of systematic exclusion that the *Veal* transcript would help him prove. Jones has never said *which feature* of the juror selection process is causing exclusion and underrepresentation of African-Americans. Even now, he only says that evidence from *Veal* would prove "that the system by which his jury had been summoned was flawed and that its flaws 'systematically excluded' distinct groups." But, flawed *how*? Jones never says. The district court was correct to refuse to overlook that total absence of both allegation and proof on this *sine qua non* element of prong #3. Summary disposition was his "put up or shut up" moment, and Jones offered neither a specific allegation of systematic exclusion nor proof of any facts that could support one. So the [postconviction relief] court was correct to find that, as a matter of law, Jones had not created a triable issue on systematic exclusion under [*State v.*] *Lilly*[, 930 N.W.2d 293 (Iowa 2019)].

(Citations omitted.) We largely agree with these observations, as we are unable to comprehensively review the merits for many of the same reasons. On this particular record, the postconviction court correctly found there were no disputed

issues of material fact and that Jones failed to prove counsel was ineffective for not pursuing a claim under the Iowa Constitution at the remand hearing. In short, it matters not that the Iowa Constitution may permit a systematic-exclusion claim based on routine practices when Jones has not offered any evidence of systematic exclusion.[2] *See Lilly*, 930 N.W.2d at 307–08.

**AFFIRMED.**

---

[2] The State's brief includes a lot of math and invites us to also reject Jones's claim under the second prong of *Duren* based on absolute disparity. We decline the invitation to delve into unnecessary calculations involving disputed population percentages.