# IN THE COURT OF APPEALS OF IOWA

No. 24-1082
Filed September 4, 2025

**JASON RYAN BARKSLEY,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Fayette County, John J. Sullivan,

Judge.


        Jason Barksley appeals the denial of his application for postconviction relief.

**AFFIRMED.**


        Gregory F. Greiner, Assistant Public Defender, for appellant.

        Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant

Attorney General, for appellee.


        Considered without oral arguments by Greer, P.J., and Badding and

Chicchelly, JJ.

**CHICCHELLY, Judge.**

Jason Barksley appeals the denial of his application for postconviction relief (PCR) concerning his conviction for sexual abuse in the second degree, in violation of Iowa Code section 709.3 (2020). He alleges ineffective assistance of trial counsel and that the district court abused its discretion by accepting a written guilty plea. Upon our review, we affirm.

## I. Background Facts and Proceedings

On August 7, 2020, law enforcement was made aware of an allegation that Barksley sexually abused his stepdaughter. When interviewed by police, Barksley admitted to forcing his stepdaughter to perform oral sex on him and her own mother.

On August 27, 2020, Barksley was charged with one count of continuous sexual abuse of a child, which carries a prison sentence of fifty years. Barksley later entered a guilty plea to the lesser included offense of sexual abuse in the second degree and received a sentence of twenty-five years.

Because of the COVID-19 pandemic, an Iowa Supreme Court Supervisory Order allowed the district court to accept a written plea agreement in lieu of an oral plea. The written plea informed Barksley of all rights and effects of the guilty plea, including the minimum and maximum sentence for sexual abuse in the second degree. Both Barksley and his trial counsel signed the written plea agreement, which was conditioned on the court accepting the terms. *See* Iowa R. Crim. P. 2.10(3). On January 20, 2021, the district court accepted Barksley's plea and sentenced him to a term of twenty-five years in prison. The sentencing order omitted the mandatory minimum sentence and included a ten-year special

sentence of supervision pursuant to Iowa Code 903B.2. But sexual abuse in the second degree carries a special sentence of lifetime supervision under that statute, so the district court entered an order correcting the term.

On July 19, 2021, Barksley filed a PCR application claiming (1) his attorney misled him about the mandatory minimum sentence he was facing and (2) the district court was required to conduct an in-person colloquy. The district court heard testimony from Barksley, his trial counsel, and his attorney in a separate child in need of assistance (CINA)[1] matter. The district court denied Barksley's PCR application in its entirety, and Barksley appealed.

## II. Standard of Review

We generally review denials of PCR applications for corrections of errors at law. *Schmidt v. State*, 909 N.W.2d 778, 784 (Iowa 2018). But because ineffective-assistance-of-counsel claims raise constitutional issues, we review the denial of Barksley's application de novo. *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019).

## III. Discussion

### A. Written Guilty Plea

Barksley contends the PCR court erred in finding the sentencing court complied with the Iowa Supreme Court's COVID-19 supervisory order. The State contends that error is unpreserved on this issue or it is foreclosed by statute. Barksley did not challenge the form of the plea agreement, the taking of a written plea, or written sentencing in the underlying proceedings. Similarly, he did not raise the issue on direct appeal.

---

[1] Barksley was involved in a CINA case related to his son in juvenile court and was represented by a different lawyer than the underlying criminal case.

By statute, PCR is not available for claims that could have been raised at trial or on direct appeal but were not, unless the applicant can show "sufficient reason." Iowa Code § 822.8 (2021). Ineffective assistance of counsel can provide sufficient reason. *Berryhill v. State*, 603 N.W.2d 243, 245 (Iowa 1999). However, Barksley raises this claim independent of his ineffective-assistance-of-counsel claim. Because Barksley has not shown a "sufficient reason" for not litigating this issue in the underlying proceedings, we conclude it is barred by statute.

But even if Barksley's claim was not barred, we find it fails. Iowa Rule of Criminal Procedure 2.8(2)(b) governs the acceptance of a guilty plea. The rule requires the court to address the defendant personally in open court. Iowa R. Crim. P. 2.8(2)(b). However, on May 22, 2020, the Iowa Supreme Court issued a supervisory order stating, "Through December 31, 2020, district courts may accept written guilty pleas in felony cases in the same manner as in serious and aggravated misdemeanor cases." Iowa Sup. Ct. Supervisory Order, *In the Matter of Ongoing Provisions for Coronavirus/COVID-19 Impact on Court Services* 7 (May 22, 2020). In *State v. Basquin*, the Supreme Court reviewed a defendant's due process challenge to his felony plea pursuant to this order and concluded the plea was constitutionally permissible. 970 N.W.2d 643, 68–60 (Iowa 2022). Because the district court followed our Supreme Court's supervisory order, we find Barksley cannot establish an abuse of discretion.

### B. Ineffective Assistance of Counsel

Next, Barksley contends that his trial counsel was ineffective for two reasons: (1) trial counsel failed to file a failed to file a form waiving Barksley's right

to appear at sentencing and (2) trial counsel failed to adequately inform him of the mandatory minimum sentence.

"To prevail on an ineffective-assistance-of-counsel claim, the claimant must satisfy the two-prong test by proving that his trial counsel failed to perform an essential duty and prejudice resulted." *State v. Majors*, 940 N.W.2d 372, 391 (Iowa 2020). Both elements must be proved for the claim to be successful. *Id.* For the first prong, we presume counsel performed competently unless proved otherwise by a preponderance of the evidence, measured objectively against the prevailing professional norms. *Id.* Because Barksley pleaded guilty, he must show he would not have pleaded guilty and would have proceeded to trial. *See State v. Carroll*, 767 N.W.2d 638, 644 (Iowa 2009).

First, Barksley argues his trial counsel was ineffective because he never filed a written waiver of the appearance at sentencing. We reject this argument because Barksley cannot show how counsel's failure to file a written waiver was a breach of an essential duty. The written plea agreement stated Barksley had a right to a hearing in open court and that he was waving that right. Barksley initialed next to that paragraph. That portion of the plea agreement was substantially similar to the waiver. Trial counsel did not breach an essential duty by not filing a duplicative document. Instead, counsel filed the plea agreement, which complied with rule 2.8. *See State v. Weitzel*, 905 N.W.2d 397, 406 (Iowa 2017). Therefore, we find Barksley's trial counsel did not breach a duty.

Second, Barksley argues his trial counsel was ineffective because he did not adequately inform him of the mandatory minimum sentence for sexual abuse in the second degree. The record does not support this claim. The written guilty

plea signed by Barksley informed him of the correct penalties for sexual abuse in the second degree, including the mandatory minimum sentence of seventeen and one-half years. Trial counsel testified he went over the plea agreement with Barksley, including the mandatory minimum. When Barksley expressed confusion to the attorney representing him in another matter, trial counsel went over the mandatory minimum with him again. Trial counsel testified that he discussed the mandatory minimum sentence with Barksley "ad nausem." Other than Barksley's self-serving and speculative testimony, the record does not support the contention that trial counsel failed to inform Barksley of the mandatory minimum sentence. Thus, we find that Barksley fails to establish his attorney breached an essential duty, so consequently his claims of ineffective assistance of counsel also fail.

## IV. Disposition

Because we find that Barksley has failed to establish a claim for ineffective assistance of counsel with respect to either theory submitted, and the district court did not abuse its discretion in accepting a written guilty plea, we affirm the denial of his PCR application.

**AFFIRMED.**